UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:  3:21-cv-00746-BJD-JRK

BRYAN A. HARRISON,

    Plaintiff,

v.

DAVID B. SHOAR, in his official capacity
as Sheriff of St. Johns County, Florida,
ST JOHNS COUNTY, FLORIDA,
MATTHEW CLINE, in his official capacity
as Undersheriff of St. Johns County, Florida,
KENNETH EVERETT, in his personal and
official capacities as a deputy of the St. Johns
County Sheriff's Office, PATRICK WARWICK,
in his personal and official capacities as a
deputy of the St. Johns County Sheriff's Office,
JOHN AND JANE DOE SHERIFF'S DEPUTIES
(1-10) and JOHN AND JANE DOE SUPERVISORY
DEPUTIES (1-10).

    Defendants.
_____/

**DEFENDANT, SHERIFF DAVID B. SHOAR AND UNDERSHERIFF MATHEW CLINE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendants, SHERIFF OF ST. JOHNS COUNTY DAVID B. SHOAR AND UNDERSHERIFF MATTHEW CLINE, in their official and individual capacities, by and through the undersigned counsel, pursuant

to Federal Rule of Civil Procedure 12(b)(6), respectfully request this Honorable Court enter an Order Dismissing Count I, IV, and V of Plaintiff's Complaint with prejudice and in support thereof state:

1. Plaintiff, Bryan Harrison, filed his original complaint on July 28, 2021.

2. The Plaintiff in his complaint attempts to assert various claims for *Monell* liability under the Fourth Amendment and Fourteenth Amendment against Sheriff Shoar and Undersheriff Cline.

3. The allegations in Counts I, IV, and V of Plaintiff's Complaint fail to state a cause of action and contain no facts to support a *Monell* claim against the Sheriff and Undersheriff.

## MEMORANDUM OF LAW

### I. Standard of Review

In evaluating the sufficiency of a complaint, the court must accept "well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). "[W]hen putting on defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained within the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. *Id*. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364 (11th Cir. 1997); *see also Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

## II. Count I and IV of Plaintiff's Complaint Fails to Allege a *Monell* Claim

In Count I, Plaintiff has alleged that St. Johns County, Sheriff Shoar, and Undersheriff Cline[1], in their official capacities, "encouraged, caused, allowed, and/or enabled Defendants Everett, Deputy Warwin, Unknown

---

[1] Functionally, lawsuits against one government agent in their official capacity are equivalent to suing the government itself. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, it was redundant to keep both the city and the officers sued in their official capacity as defendants in the case). Defendant Undersheriff Cline is an improperly named Defendant in this suit.

3

Officers, and Unknown Supervisors to violate Plaintiff's constitutional rights without fear of discipline for those violations." In the very next paragraph, Plaintiff then states that St. Johns County, and Sheriff Shoar "have not sufficiently disciplined Defendants Deputy Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors." Additionally, in paragraph 81, Plaintiff alleges that the disciplinary report "clearly proves that the search was objectively improper," and was a "violation of internal SJCSO procedures." Count IV is an allegation of failure to train and supervise against St. Johns County, Sheriff Shoar, and Undersheriff Cline in their official capacities.

These allegations fall far short of the necessary proof to establish a causal link between a constitutional violation and a custom, policy or practice of the St. Johns County Sheriff. It is clear that the Plaintiff relied upon the standard necessary to evaluate the potential liability of an individual deputy versus *Monell* liability asserted against a governmental entity under §1983. The law cannot be more clear that a §1983 claim cannot be asserted against a governmental entity under the theory of respondeat superior. A governmental entity cannot be sued under §1983 for injuries that are caused solely by its employees. *Monell v. Department of Social Services*, 98 S. Ct. 2018, 2037-2038 (U.S. 1978). "In order to prevail on a civil rights action under

§1983, a plaintiff must show he or she was deprived of a federal right by a person acting under color of law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A government agency may be liable pursuant to §1983 if the agency has a "policy or custom that caused the injury." *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). In order for a government agency to be liable under §1983, a plaintiff must show that the policy that caused the injury was the "moving force behind the constitutional deprivation." *Farred v. Hicks*, 915 F.2d 1530, 1532-33 (11th Cir. 1990).

A claim for liability based on an official policy can be either (1) alleging an officially promulgated policy, or (2) alleging an unofficial custom or practice demonstrated through the acts of the final policymaker of the entity. *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329-30 (11th Cir.2003). A complaint must also identify the policy or custom that caused the injury so liability is not based upon an isolated incident. *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir.2004) (citations omitted). The policy or custom also must be the moving force of the constitutional violation. *Grech*, 335 F.3d at 1330. See *also Board of the County Commissioners v. Brown*, 520 U.S. 397, 403, (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the [entity].... A custom is a practice that is so

settled and permanent that it takes place on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005).

Ordinarily, a plaintiff must point to "[a] pattern of similar constitutional violations by untrained employees" to demonstrate deliberate indifference for failure to train ("General Rule"). *Connick v. Thompson*, 563 U.S. 51, 62, (2011) (quoting *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 409, (1997)). Thus, a single incident of unconstitutional activity is generally insufficient to impose liability against a municipality. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

In the instant case, Plaintiff has alleged no facts to demonstrate that the Sheriff or Under Sheriff encouraged, caused, or allowed Defendants Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors to violate Plaintiff's constitutional rights. According to Plaintiff, Defendants Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors were able to violate Plaintiff's constitutional rights "without fear of discipline." (Doc. 1, ¶ 75). However, in the *very next paragraph*, Plaintiff alleges that the aforementioned Defendants were punished, but that the punishment was not sufficient. (Doc. 1, ¶ 76). This is akin to an oxymoron. It cannot be that Defendants acted without fear of discipline but yet still were disciplined. This

is evidence that deputies cannot violate policies and escape disciplinary action, not that they may act without fear of reprisal.

Moreover, Plaintiff has attached the disciplinary form indicating that Deputy Everett was disciplined for *violating Sheriff's policies* designed to prevent the very action that Plaintiff is now suing for. (Doc. 1-2). Plaintiff's own documentary evidence attached to his complaint indicates that there was indeed a policy in place that instructed deputies to not enter Plaintiff's apartment without an arrest warrant. Plaintiff cannot have his cake and eat it too.  He cannot on one hand allege that the Sheriff had a policy that encouraged unlawful violations, but then submit that a policy was in place by the Sheriff to prevent the very action that he now complains of.

Similarly, Plaintiff's Count IV also provides evidence of a policy that is designed to prevent constitutional violations.  As Plaintiff so aptly points out in paragraph 120, the Sheriff has a policy that citizens will only be stopped or detained when there exists reasonable suspicion. (Doc. 1, ¶ 120).  This policy is the basis for a temporary stop based on reasonable suspicion, and is a different legal issue than the one Plaintiff is claiming in his complaint. Count IV alleges a failure to train and supervise.  However, this is still evidence of a policy designed to guide deputies on proper application of the law.  Count IV alleges, at best, that Deputies did not follow the policies of the

7

Sheriff, not that the Sheriff failed to train or supervise the deputies. As stated above, the Sheriff and Undersheriff cannot be held vicariously liable for the injuries caused solely by their subordinates. *Monell,* 98 S. Ct. at 2037-2038.

The reality is that Plaintiff has done nothing in Counts I and IV other than provide evidence of policies designed to prevent unconstitutional violations, not evidence of policies that encouraged violations. Plaintiff's complaint is utterly bereft of any facts that suggest the Sheriff or Undersheriff failed to properly train deputies or had a policy or custom in place that encouraged constitutional violations. Plaintiff cannot point to *any* policy or facts by the Sheriff that encouraged an unlawful action, but only a policy designed to *prevent* such actions. Plaintiff has alleged no facts or identified a policy that was the moving force behind Plaintiff's alleged constitutional deprivation, nor point to any unofficial custom or practice demonstrated by the acts of the Sheriff. Plaintiff's Count I and IV should be dismissed, as they are nothing more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and does not meet the standard espoused by the United States Supreme Court in *Ashcroft*. Defendants are entitled to a dismissal of Counts I and IV. S*ee Espinoza v. Harrelson*, 2016 U.S. Dist. LEXIS 95285 (M.D. Fla. July 21, 2016) (granting

motion to dismiss where Plaintiff did not allege any training program that City failed to implement).

### III. Count V fails to allege a *Monell* claim or individual liability

Count V is an allegation of false imprisonment against St. Johns County, Sheriff Shoar, and Undersheriff Cline in their official *and* individual capacities. The essential elements of a cause of action for false imprisonment include: 1) the unlawful detention and deprivation of liberty of a person; 2) against that person's will; 3) without legal authority or "color of authority"; and 4) which is unreasonable and unwarranted under the circumstances. *Mathis v. Coats*, 24 So.3d 1284, 1290 (Fla. 2d DCA 2010). Under section 768.28(9)(a) Florida Statutes, an officer, employee, or agent of the state or any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

In the instant case, Plaintiff has alleged no facts that indicate that the Sheriff or Undersheriff Cline were personally or officially involved in Plaintiff's

detention. Rather, as mentioned above, Plaintiff has attached evidence of policies by the Sheriff that are intended to prevent the very alleged constitutional violation that Plaintiff is suing for. (Doc. 1-2). Moreover, Plaintiff's own complaint also agrees with this conclusion, and states that: "the SJCSO has already determined that Deputy Everett 'entered a residence, without the legal justification to enter a dwelling to arrest a misdemeanor stalking suspect.'" (Doc 1, ¶ 130). This is not an allegation that the Sheriff or Undersheriff acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for Plaintiff's human rights. As a result, Plaintiff's Count V should be dismissed against the Sheriff and Undersheriff in both their official and individual capacities.

## **CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)**

The undersigned hereby certifies that he has conferred with Plaintiff's counsel, Rook Elizabeth Ringer, in good faith via telephone on September 3, 2021, who indicated she is opposed to this motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of September 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF Portal which will send notice of electronic filing to Plaintiff's counsel, **Rook**

**Elizabeth Ringer, Esquire**, Lento Law Group, PA, 222 San Marco, Suite C, St. Augustine, FL 32084 and **Joseph D. Lento, Esquire**, Lento Law Group, PA, 1500 Market Street, 12th Floor, East Tower, Philadelphia, PA 19106, **Gwendolyn P. Adkins**, Esquire, Coppins Monroe, P.A., 1319 Thomaswood Drive, Tallahassee, FL 32308 and **Bradley Bulthuis**, Esquire, 500 San Sebastian View, St. Augustine, Florida 32084.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
David R. Jadon, Esquire
Fla. Bar No. 1010249
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
       djadon@hilyardlawfirm.com
Attorneys for Defendants