UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

    Plaintiff,

v.                                            CASE NO. 3:21-cv-746

ST. JOHNS COUNTY SHERIFF'S OFFICE,
ET. AL.,

    Defendants.
_____/

## MOTION TO DISMISS COUNTS III and V
## BY DEFENDANTS KENNETH EVERETT AND PATRICK WARWIN

Pursuant to Rules 8 and 12(b)(6), *Federal Rules of Civil Procedure*, Defendants Everett and Warwin move to dismiss Count III of the Complaint [Doc.1] and state:

1.    Plaintiff Bryan Harrison filed suit against Defendants Everett and Warwin asserting three claims for relief, two of which fail to state claims upon which relief can be granted.

2.    Count III seeks to bring a claim against Defendants Everett and Warwin for cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the U.S. Constitution. These Amendments have no applicability to Plaintiff who was not incarcerated at the time of the events about which he

complains. *See, e.g., Crocker v. Beatty,* 995 F.3d 1232, 1246 (11th Cir. 2021) (citing *Piazza v. Jefferson Cnty.,* 923 F.3d 947, 952 (11th Cir. 2019).

3. Count V seeks to bring a claim against Defendants Everett and Warwin for false imprisonment. A law enforcement officer acting in the course and scope of his duties "may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28.

**WHEREFORE**, Defendants Everett and Warwin are entitled to, and request this Court enter, a dismissal of Count III against them for cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the U.S. Constitution and a dismissal of Count V against them for false imprisonment.

### Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), the undersigned counsel certifies that she corresponded with Plaintiff's counsel Rook Ringer via electronic mail earlier this week and that counsel indicated the possibility of amending the Complaint. Counsel also telephoned Plaintiff's counsel this morning to confirm her intentions but was unable to reach her prior to the filing of this motion.

<u>Memorandum of Law</u>

Pursuant to Local Rule 3.01(a), Defendants Warwin and Everett offer the following memorandum of law in support of their Motion:

Plaintiff Bryan Harrison is not a person who is covered under the Eighth Amendment which pertains to prisoners' rights nor under the Fourteenth Amendment which pertains to pre-trial detainees' rights against deliberate indifference to serious medical needs. It is evident from the face of the Complaint that Plaintiff was neither a pre-trial detainee nor a prisoner at the time of his interactions with Defendants Everett and Warwin.

The Eleventh Circuit Court of Appeal recently delineated the difference between the protections of the Fourth, Eighth, and Fourteenth Amendments:

> The Fourth Amendment, already introduced, secures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ...." U.S. Const. amend. IV. The prohibition against "unreasonable ... seizures" encompasses a bar on the use of excessive force in the course of an arrest. *See Graham*, 490 U.S. at 394, 109 S.Ct. 1865; *Piazza*, 923 F.3d at 952. The Eighth Amendment forbids the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and the Supreme Court has interpreted it to prohibit the use of excessive force against convicted prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and the Court has construed those terms to forbid the use of excessive force, too. *See Kingsley v. Hendrickson*, 576 U.S.

> 389, 393, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015). So, under the Supreme Court's current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers "those who exist in the in-between—pretrial detainees." *Piazza*, 923 F.3d at 952.

*Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021). Although the Court's discussion in *Crocker* was focused on the context of excessive force, the applicability is the same. The prohibition of cruel and unusual punishments is designed to protect those convicted of a crime and consequently applies only after the state has complied with constitutional guaranties traditionally associated with criminal prosecutions. *Whitley v. Albers*, 475 U.S. 312 (1986). The Eighth Amendment applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime. The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985).

Plaintiff's attempt to state a claim against Defendants Everett and Warwin for False Imprisonment under Count V fails. In paragraph 132, Plaintiff specifically alleges the actions of Defendants "were taken while acting within the scope of their employment." Under Florida law, Defendants Everett and Warwin "may not be held personally liable in tort or named as a party defendant in any

action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28(9)(a). This immunity exists even "[i]n cases in which an officer fails to prove arguable probable cause." *See, e.g., Eiras v. Florida,* 239 F. Supp. 3d 1331, 1344 (M.D. Fla. 2017) (citing *Caldwell v. Nocco,* No. 8:14-cv-2167-T-30AEP, 2015 WL 9302835, at *5 (M.D. Fla. Dec. 22, 2015)).

Plaintiff fails to state a claim against Defendants Everett and Warwin under Counts III or V and, given that there is no set of facts on which such a claim could be stated under the circumstances articulated in the Complaint, Counts III and V should be dismissed with prejudice.

Respectfully submitted this 10th day of September 2021.



/s/ Gwendolyn P. Adkins



Gwendolyn P. Adkins
(FBN: 0949566)
gadkins@coppinsmonroe.com
bmiller@coppinsmonroe.com
cmarchena@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, FL 32308
Office: 850-422-2420 ∣ Fax: 850-422-2730

ATTORNEYS FOR DEFENDANTS
KENNETH EVERETT and PATRICK WARWIN

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ *Gwendolyn P. Adkins*
Attorney