UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

BRYAN A. HARRISON,

    Plaintiff,

v.                                 CASE NO. 3:21-cv-746

ST. JOHNS COUNTY SHERIFF'S OFFICE, ET. AL.,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT BY DEFENDANTS KENNETH EVERETT AND PATRICK WARWIN

Pursuant to Rule 8, *Federal Rules of Civil Procedure*, Defendants KENNETH EVERETT and PATRICK WARWIN answer the numbered paragraphs of the First Amended Complaint and assert affirmative defenses as follows:

### NATURE OF THE ACTION

1. It is admitted Plaintiff Harrison seeks to bring constitutional claims against Defendants Everett and Warwin but denied that any such claims are meritorious.

2. The allegations in paragraph 2 are denied.

3. It is admitted that any and all actions on the part of Defendants Everett and Warwin relevant to the claims herein were taken within the course and scope of their employment as law enforcement officers with the St. John's County Sheriff's Office, and were under color of law.

4. It is admitted Plaintiff Harrison seeks relief against Defendants Everett and Warwin but denied that any such relief is meritorious.

## PARTIES

5. Defendants Everett and Warwin are without knowledge as to, and therefore deny, the allegations in paragraph 5.

6. The allegations of paragraph 6 do not pertain to Defendants Everett and Warwin and they do not respond thereto.

7. The allegations of paragraph 7 do not pertain to Defendants Everett and Warwin and they do not respond thereto.

8. The allegations of paragraph 8 do not pertain to Defendants Everett and Warwin and they do not respond thereto.

9. It is admitted Defendant Everett was employed by the St. Johns County Sheriff's Office as a deputy at the time of the events

4872-8257-2551, v. 1

complained of in July 2019. Defendant Everett's place of residence is confidential under Florida law and is not relevant to this action.

10. It is admitted Defendant Warwin was employed by the St. Johns County Sheriff's Office as a deputy at the time of the events complained of in July 2019. Defendant Warwin's place of residence is confidential under Florida law and is not relevant to this action.

11. The allegations of paragraph 11 do not pertain to Defendants Everett and Warwin and they do not respond thereto.

12. The allegations of paragraph 12 do not pertain to Defendants Everett and Warwin and they do not respond thereto.

## **VENUE AND JURISDICTION**

13. It is admitted that venue is proper in the Middle District of Florida. The remaining allegations of paragraph 13 are denied.

14. The jurisdictional allegations of paragraph 14 are admitted.

15. Regardless of whether declaratory and injunctive relief are authorized as alleged, Defendants Everett and Warwin deny that either is appropriately entered against them.

16. The jurisdictional allegations of paragraph 16 are admitted.

17. The allegations of paragraph 17 are denied.

4872-8257-2551, v. 1

18. Defendants Everett and Warwin are without knowledge as to and therefore deny the allegations of paragraph 18.

## FACTS COMMON TO ALL COUNTS

### I. The July 29, 2019 Incident.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. Defendants are without knowledge as to, and therefore deny, the allegations in paragraph 23.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. It is admitted Plaintiff was cuffed and taken outside. The remaining allegations of paragraph 33 are denied.

34. It is admitted Plaintiff was placed in a law enforcement vehicle. The remaining allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. It is admitted that emergency services personnel were contacted. The remaining allegations of paragraph 50 are denied.

51. It is admitted Plaintiff was uncuffed. The remaining allegations of paragraph 51 are denied.

52. It is admitted EMS and additional law enforcement officers arrived. The remaining allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. Defendants are without knowledge as to, and therefore deny, the allegations in paragraph 54.

55. The allegations of paragraph 55 are denied.

56. Defendants Everett and Warwin are without knowledge as to, and therefore deny, the allegations of paragraph 56.

57. Defendants Everett and Warwin are without knowledge as to, and therefore deny, the allegations of paragraph 57.

58. Defendants Everett and Warwin are without knowledge as to, and therefore deny, the allegations of paragraph 58.

59. Defendants Everett and Warwin are without knowledge as to, and therefore deny, the allegations of paragraph 59.

60. Defendants Everett and Warwin are without knowledge as to,

4872-8257-2551, v. 1

and therefore deny, the allegations of paragraph 60.

61. It is admitted that Defendants Everett and Warwin left without placing Plaintiff under arrest. Defendants are without knowledge as to, and therefore deny, the remaining allegations of paragraph 61.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

## II.  Internal Affarirs.

64. It is admitted Plaintiff filed a complaint. Defendants Everett and Warwin are without knowledge as to, and therefore deny, the details as alleged in paragraph 64.

65. The allegations of paragraph 65 are denied.

66. The documents speak for themselves and Defendants deny any statement inconsistent therewith.

67. The documents speak for themselves and Defendants deny any statement inconsistent therewith.

68. The documents speak for themselves and Defendants deny any statement inconsistent therewith.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

## COUNT I

72. – 83. Count I does not pertain to Defendants Everett and Warwin and they do not respond thereto.

## COUNT II

**42 U.S.C. §1983 -RECKLESS INDIFFERENCE TO PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS
U.S. Const, Amend, IV-Improper Search & Seizure
(Deputy Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors)**

84. Defendants Everett and Warwin reassert and incorporate herein their responses to paragraphs 1 – 71 above.

85. The Fourth Amendment speaks for itself and Defendants deny any statements as to its protections which are inconsistent with the Amendment and judicial precedence.

86. It is admitted that the Fourth Amendment provides certain protections the contours of which are defined by the amendment and case law. The remaining allegations of paragraph 86 are denied.

87. The allegations of paragraph 87 are denied.

88. The allegations of paragraph 88 are denied.

89. The allegations of paragraph 89 are denied.

4872-8257-2551, v. 1

90. The allegations of paragraph 90 are denied.

91. The allegations of paragraph 91 are denied.

## COUNT III

### 42 U.S,C. §1983 - DEPRIVATION OF PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS - CRUEL AND UNUSUAL PUNISHMENT U.S. Const. Amend. XIV (Deputy Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors)

92. Defendants Everett and Warwin reassert and incorporate herein their responses to paragraphs 1 – 71 above.

93. The Fourteenth Amendment speaks for itself and Defendants deny any statements as to its protections which are inconsistent with the Amendment and judicial precedence.

94. It is admitted that the Fourteenth Amendment provides certain protections the contours of which are defined by the amendment and case law. The remaining allegations of paragraph 94 are denied.

95. The caselaw interpretation of the Fourteenth Amendment speaks for itself and Defendants deny any statements inconsistent with the Amendment and judicial precedence.

96. Caselaw interpretation of deliberate indifference claims speaks for itself and Defendants deny any statements inconsistent with

judicial precedence.

97. Caselaw interpretation of deliberate indifference claims speaks for itself and Defendants deny any statements inconsistent with judicial precedence.

98. Caselaw interpretation of deliberate indifference claims speaks for itself and Defendants deny any statements inconsistent with judicial precedence.

99. The caselaw interpretation of the Fourteenth Amendment speaks for itself and Defendants deny any statements inconsistent with the Amendment and judicial precedence.

100. The caselaw interpretation of the Fourteenth Amendment and deliberate indifference claims speaks for itself and Defendants deny any statements inconsistent with the Amendment and judicial precedence.

101. The caselaw interpretation of the Fourteenth Amendment and deliberate indifference claims speaks for itself and Defendants deny any statements inconsistent with the Amendment and judicial precedence.

102. The allegations of paragraph 102 are denied.

103. The allegations of paragraph 103 are denied.

104. The caselaw interpretation of the Eighth and Fourteenth Amendments and of deliberate indifference claims speaks for itself and Defendants deny any statements inconsistent with the Amendments and judicial precedence.

105. The caselaw interpretation of deliberate indifference speaks for itself and Defendants deny any statements inconsistent with judicial precedence.

106. The allegations of paragraph 106 are denied.

107. The caselaw interpretation of the Fourteenth Amendment speaks for itself and Defendants deny any statements inconsistent with the Amendment and judicial precedence.

108. The allegations of paragraph 108 are denied.

109. The allegations of paragraph 109 are denied.

110. The allegations of paragraph 110 are denied.

111. It is admitted that at all relevant times Deputies Everett and Warwin were acting under color of law. The remaining allegations of paragraph 111 are denied.

112. The allegations of paragraph 112 are denied.

4872-8257-2551, v. 1

113. The allegations of paragraph 113 are denied.

114. The allegations of paragraph 114 are denied.

## COUNT IV

115. – 132. Count IV does not pertain to Defendants Everett and Warwin and they do not respond thereto.

## COUNT V

133. – 150. Count V does not pertain to Defendants Everett and Warwin and they do not respond thereto.

## COUNT VI
## FALSE IMPRISONMENT
### (Florida State Common Law)
### (Deputy Everett, Deputy Warwin, and Unknown Officers)

151. Defendants Everett and Warwin reassert and incorporate herein their responses to paragraphs 1 – 71 above.

152. The caselaw speaks for itself and Defendants deny any statements inconsistent with judicial precedence.

153. The allegations of paragraph 153 are denied.

154. The allegations of paragraph 154 are denied.

155. The allegations of paragraph 155 are denied.

156. The allegations of paragraph 156 are denied.

157. It is admitted that any and all actions on the part of Defendants Everett and Warwin relevant to the claims herein were taken within the course and scope of their employment as law enforcement officers with the St. John's County Sheriff's Office. The remaining allegations of paragraph 157 are denied.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted. At worst, the conduct by Defendants was negligent and insufficient to state a claim for relief against them under Federal law, Florida statutes, or common law.

## SECOND AFFIRMATIVE DEFENSE

Defendants' actions were in good faith and without malice, and were further based on such facts and circumstances to support reasonable suspicion and/or probable cause to believe Plaintiff had engaged in actions which made their actions objectively reasonable. Defendants reasonably believed that the actions they took with respect to Plaintiff were appropriate.

### THIRD AFFIRMATIVE DEFENSE

All actions by Defendants Everett and Warwin with respect to Plaintiff were taken in the course and scope of their employment as law enforcement officers for the St. Johns Sheriff's Office, were authorized by Florida Statutes, and/or conformed to established, reasonable, and generally accepted police practices. Their actions were at most, negligent, rendering them not liable as a matter of Florida law. Defendants are not liable for any acts or omissions committed while acting in the course and scope of their employment.

### FOURTH AFFIRMATIVE DEFENSE

At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonably competent deputy, objectively viewing the facts and circumstances then confronting Defendants, could have believed that their actions were objectively reasonably and within constitutional limits. There was no law clearly established at the time so as to place Defendants on notice that their actions were unconstitutional and they are, therefore, entitled to qualified immunity as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

The conduct of Defendants was not the proximate cause of any injury to Plaintiff because the events and circumstances leading to the

alleged injuries were not foreseeable to them and were consequences of the conduct of Plaintiff and/or others. The conduct of Plaintiff and others constituted an independent, superseding and intervening cause of Plaintiff's alleged damages.

Defendants Everett and Warwin reserve the right to assert further affirmative defenses as they become evident through discovery or investigation.

Respectfully submitted this 23rd day of December 2021.

/s/ Gwendolyn P. Adkins



Gwendolyn P. Adkins
(FBN: 0949566)
gadkins@coppinsmonroe.com
bmiller@coppinsmonroe.com
cmarchena@coppinsmonroe.com
COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, FL 32308
Office: 850-422-2420 | Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS
KENNETH EVERETT and PATRICK WARWIN

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), this document is being filed electronically with the court's electronic-filing

15

system and service shall be through the Court's transmission facilities on all registered users.

/s/ *Gwendolyn P. Adkins*
Attorney

4872-8257-2551, v. 1