UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:  3:21-cv-00746-BJD-JRK

BRYAN A. HARRISON,

    Plaintiff,

v.

DAVID B. SHOAR, in his official capacity
as Sheriff of St. Johns County, Florida,
ST JOHNS COUNTY, FLORIDA,
MATTHEW CLINE, in his official capacity
as Undersheriff of St. Johns County, Florida,
KENNETH EVERETT, in his personal and
official capacities as a deputy of the St. Johns
County Sheriff's Office, PATRICK WARWICK,
in his personal and official capacities as a
deputy of the St. Johns County Sheriff's Office,
JOHN AND JANE DOE SHERIFF'S DEPUTIES
(1-10) and JOHN AND JANE DOE SUPERVISORY
DEPUTIES (1-10).

    Defendants.
_____/

**DEFENDANT, SHERIFF DAVID B. SHOAR AND UNDERSHERIFF MATHEW CLINE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendants, SHERIFF OF ST. JOHNS COUNTY DAVID B. SHOAR AND UNDERSHERIFF MATTHEW CLINE, in their official and individual capacities, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully request this Honorable Court enter an Order Dismissing Count I, IV, and V of Plaintiff's First Amended Complaint with prejudice and in support thereof state:

1. Plaintiff, Bryan Harrison, filed his original complaint on July 28, 2021.

2. Plaintiff filed an amended complaint on December 14, 2021. (Doc. 29).

3. The Plaintiff in his first amended complaint attempts to assert various claims for *Monell* liability under the Fourth Amendment and Fourteenth Amendment against Sheriff Shoar, as well as a state law negligent hiring claim against Sheriff Shoar in Count IV.

4. The Plaintiff also asserts a negligent supervision claim under Florida state law against Sheriff Shoar in his official capacity and Undersheriff Cline in his personal capacity.

**MEMORANDUM OF LAW**

**I. Standard of Review**

In evaluating the sufficiency of a complaint, the court must accept "well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). "[W]hen putting on defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained within the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364 (11th Cir. 1997); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308,

323 (2007) (a court may take judicial notice of documents incorporated into the complaint by reference); *see also Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Plaintiff makes reference to documents attached as an exhibit to his First Amended Complaint, but has not done so. However, a copy of documents referenced are attached in his original complaint (Doc. 1) and are also referenced throughout the First Amended Complaint.

## II. Count I Plaintiff's First Amended Complaint Fails to Allege a *Monell* Claim

In Count I, Plaintiff has alleged that St. Johns County and Sheriff Shoar, in their official capacities, "encouraged, caused, allowed, and/or enabled Defendants Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors to violate Plaintiff's constitutional rights without fear of discipline for those violations." In the very next paragraph, Plaintiff then states that St. Johns County, and Sheriff Shoar "have not sufficiently disciplined Defendants Deputy Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors." Additionally, in paragraph 81,

4

Plaintiff alleges that the disciplinary report "clearly proves that the search was objectively improper," and was a "violation of internal SJCSO procedures."

These allegations fall far short of the necessary proof to establish a causal link between a constitutional violation and a custom, policy or practice of the St. Johns County Sheriff. It is clear that the Plaintiff relied upon the standard necessary to evaluate the potential liability of an individual deputy versus *Monell* liability asserted against a governmental entity under §1983. The law cannot be more clear that a §1983 claim cannot be asserted against a governmental entity under the theory of respondeat superior. A governmental entity cannot be sued under §1983 for injuries that are caused solely by its employees. *Monell v. Department of Social Services*, 98 S. Ct. 2018, 2037-2038 (U.S. 1978). "In order to prevail on a civil rights action under §1983, a plaintiff must show he or she was deprived of a federal right by a person acting under color of law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A government agency may be liable pursuant to §1983 if the agency has a "policy or custom that caused the injury." *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). In order for a government agency

to be liable under §1983, a plaintiff must show that the policy that caused the injury was the "moving force behind the constitutional deprivation." *Farred v. Hicks*, 915 F.2d 1530, 1532-33 (11th Cir. 1990).

A claim for liability based on an official policy can be either (1) alleging an officially promulgated policy, or (2) alleging an unofficial custom or practice demonstrated through the acts of the final policymaker of the entity. *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329-30 (11th Cir.2003). A complaint must also identify the policy or custom that caused the injury so liability is not based upon an isolated incident. *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir.2004) (citations omitted). The policy or custom also must be the moving force of the constitutional violation. *Grech*, 335 F.3d at 1330. See *also Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]... A custom is a practice that is so settled and permanent that it takes place on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005).

Ordinarily, a plaintiff must point to "[a] pattern of similar constitutional violations by untrained employees" to demonstrate deliberate indifference for failure to train ("General Rule"). *Connick v. Thompson*, 563 U.S. 51, 62, (2011) (quoting *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 409, (1997)). Thus, a single incident of unconstitutional activity is generally insufficient to impose liability against a municipality. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

In the instant case, Plaintiff has alleged no facts to demonstrate that the Sheriff encouraged, caused, or allowed Defendants Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors to violate Plaintiff's constitutional rights. According to Plaintiff, Defendants Everett, Deputy Warwin, Unknown Officers, and Unknown Supervisors were able to violate Plaintiff's constitutional rights "without fear of discipline." (Doc. 29, ¶ 75). However, in the *very next paragraph*, Plaintiff alleges that the aforementioned Defendants were punished, but that the punishment was not sufficient. (Doc. 29, ¶ 76). This is akin to an oxymoron. It cannot be that Defendants acted without fear of discipline but yet still were disciplined. This is

7

evidence that deputies cannot violate policies and escape disciplinary action, not that they may act without fear of reprisal.

Moreover, Plaintiff has attached the disciplinary form indicating that Deputy Everett was disciplined for *violating Sheriff's policies* designed to prevent the very action that Plaintiff is now suing for. (Doc. 1-2). Plaintiff's own documentary evidence attached to his complaint indicates that there was indeed a policy in place that instructed deputies to not enter Plaintiff's apartment without an arrest warrant. Plaintiff cannot have his cake and eat it too. He cannot on one hand allege that the Sheriff had a policy that encouraged unlawful violations, but then submit that a policy was in place by the Sheriff to prevent the very action that he now complains of.

### III. Count IV of Plaintiff's Complaint Fails to Allege a Claim for Negligent Hiring

A negligent hiring claim under Florida law has four elements: "(1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should

8

have known." *Luongo v. Loar*, 2020 U.S. Dist. LEXIS 141574 *15 (S.D. Fla. Aug. 5, 2020). Plaintiff has alleged no facts that this has occurred. Plaintiff merely makes legal conclusions, citing that the Plaintiff was within the "zone of risk" (¶ 118), it was foreseeable that deputies would use their positions to injure third parties (¶ 120), and the Sheriff did not adequately discipline the Deputies (¶ 125). None of these allegations match the pleading requirements set forth by law.

Moreover, Claims IV and V should be dismissed because Plaintiff alleges no facts that the Deputies acted outside the course and scope of their employment. In *Mallory v. O'Neil*, 69 So. 2d 313 (Fla. 1954), the Florida Supreme Court first recognized the tort of negligent supervision, also known as negligent hiring or retention, and cited with approval Section 317 of the Restatement (Second) of Torts, which imposed a duty on a master "to exercise reasonable care to control the conduct of his servant while acting outside the course of his employment." *Mallory*, 69 So. 2d at 315. As a result, if a complaint does not allege facts that an employee acted outside the course and scope of his employment, then a claim for negligent hiring or supervision must be dismissed. *See Santillana v. Fla. State Court Sys.*, 2010

9

U.S. Dist. LEXIS 3049 *33 (M.D. Fla. Jan. 14, 2010); *see also Luongo*, 2020 U.S. Dist. LEXIS 141574 at *16. "By its very nature, an action for negligent retention involves acts which are *not* within the course and scope of employment and allows recovery even when an employer is not vicariously liable under the doctrine of respondeat superior." *Watson v. City of Hialeah*, 552 So. 2d 1146, 1148 (Fla. 3d DCA 1989). Plaintiff has alleged no facts to suggest the deputies acted outside the course and scope of their employment and these claims should be dismissed.

## IV. Count V of Plaintiff's Complaint Fails to Allege A Claim for Negligent Supervision

Count V is brought against the Sheriff in his official capacity and against Undersheriff Cline in his individual capacity. As a preliminary matter, Count V should be dismissed against Undersheriff Cline because he is not an employer. *See Santillana,* 2010 U.S. Dist. LEXIS 3049 at *33.

A claim for negligence requires "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Barnett v. Dep't. of Fin. Servs.*, 303 So. 3d 508, 513 (Fla. 2020). "Of these elements, only the existence of a duty is a legal question because duty is the

10

standard to which the jury compares the conduct of the defendant." *Limones v. Sch. Dist. of Lee Cnty.*, 161 So. 3d 384, 389 (Fla. 2015). Thus, the existence of a legal duty is a threshold issue in a negligence case. *Wallace v. Dean*, 3 So. 3d 1035, 1046 (Fla. 2009). The same is true of a claim for negligent supervision. *See Dep't of Env't. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005). Without a legal duty, neither claim can survive a motion to dismiss.

"The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). But "a legal duty does not exist merely because the harm in question was foreseeable." *Aguila v. Hilton, Inc.*, 878 So. 2d 392, 396 (Fla. 1st DCA 2004). "Instead, the defendant's conduct must create the risk or control the situation before liability may be imposed." *Jordan v. Nienhuis*, 203 So. 3d 974, 978 (Fla. 5th DCA 2016).  "Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the

11

employer fails to take further actions such as investigation, discharge, or reassignment." *Hardy*, 907 So. 2d at 660.

In the context of negligent supervision, "an employer has a legal duty arising out of the relationship between the employment in question and the plaintiff ... if he or she is in the zone of foreseeable risks created by the employment." *Santillana* 2010 U.S. Dist. LEXIS at *35; *citing Storm v. Town of Ponce Inlet*, 866 So. 2d 713, 717 (Fla. 5th DCA 2004). Plaintiff alleges no such facts that the Sheriff or Undersheriff knew of problems with the deputies and failed to act. Instead, the Plaintiff simply concludes without facts pled or evidence otherwise that it was foreseeable that the Deputies would use their positions as law enforcement officers to injure third parties. (Doc. 29, ¶ 138). Simply put, this is not enough, and a motion to dismiss these claims should be granted. *See Santillana* 2010 U.S. Dist. LEXIS *34 (dismissing Plaintiff's claim for negligent supervision where no facts alleged to suggest employees acted outside scope of employment).

Moreover, Plaintiff's first amended complaint goes at great lengths to point to a policy of the Sheriff as evidence of negligent supervision. (Doc. 29, ¶ 145, 150). However, an internal policy does not create a legal duty of care.

*See Lee v. Harper*, 2021 Fla. App. LEXIS 13875 *5 (Fla. 1st DCA 2021). As Plaintiff so aptly points out starting in paragraph 145, the Sheriff has a policy that citizens will only be stopped or detained when there exists reasonable suspicion. (Doc. 29, ¶ 145). However, this is still evidence of a policy designed to guide deputies on proper application of the law. Count V alleges, at best, that Deputies did not follow the policies of the Sheriff, not that the Sheriff failed to train or supervise the deputies.

Additionally, Plaintiff's claims in Count IV and V should be dismissed because they are discretionary in nature. The Florida Supreme Court has held that governmental liability does not exist when the challenged act of the government or its agent is "discretionary" in nature. *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1264 (11th Cir. 2001); *see also Kaisner v. Kolb,* 543 So. 2d 732, 736 (Fla. 1989). An act is deemed to be "discretionary" when all of the following conditions have been met:

> (1) the action involves a basic governmental policy, program, or objective; (2) the action is essential to the realization or accomplishment of that policy, program, or objective; (3) the action require[s] the exercise of basic policy evaluation[s], judgment[s], and

13

expertise on the part of the governmental agency involved; and (4) the governmental agency involved possess [es] the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision.

*Lewis*, 206 F.3d at 1264.

Similar to the facts in *Gelbard v. City of Miami*, Plaintiff has failed to allege any specific or subject matter that the Defendant failed to provide to his deputies. 845 F.Supp. 2d 1338, 1341 (S.D. Fla. Feb. 27, 2012). Instead, Plaintiff only alleges that a deputy violated a policy that was provided by the Sheriff and concludes that this is evidence of negligent supervision.

Even if the Plaintiff alleged sufficient facts, this claim would still be barred under the test in *Lewis*. This is because training deputies is a discretionary activity of the Sheriff. "A city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." *Lewis*, 206 F.3d at 1266. The Sheriff's decision on what to train his deputies on and how he does it are exclusively a discretionary function and these claims should be barred by sovereign immunity.

Finally, Undersheriff Cline cannot be held liable in his personal capacity under Florida law since the Plaintiff as not alleged facts to overrule 768.28 immunity from suit. under section 768.28(9)(a) Florida Statutes, an officer, employee, or agent of the state or any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.  Plaintiff has alleged no facts to suggest that Undersheriff Cline acted in a manner that was in bad faith, with malice, or in a manner exhibiting wanton and will disregard of human rights.  In fact, the claim for Count V tells it all – *negligent* supervision. The Undersheriff cannot be held liable for negligence since he is 1) not the employer, and 2) not alleged to have acted in a manner that overrides the protections under 768.28(9)(a).

## CONCLUSION

WHEREFORE, Defendant Sheriff David B. Shoar and Undersheriff Matthew Cline request this Court grant their Motion to Dismiss Plaintiff's First Amended Complaint with prejudice.

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

The undersigned hereby certifies that he has conferred with Plaintiff's counsel, Rook Elizabeth Ringer, in good faith via email on January 24, 2021, who indicated she is opposed to this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF Portal which will send notice of electronic filing to Plaintiff's counsel, **Rook Elizabeth Ringer, Esquire**, Lento Law Group, PA, 222 San Marco, Suite C, St. Augustine, FL 32084 and **Joseph D. Lento, Esquire**, Lento Law Group, PA, 1500 Market Street, 12th Floor, East Tower, Philadelphia, PA 19106, **Gwendolyn P. Adkins**, Esquire, Coppins Monroe, P.A., 1319 Thomaswood Drive, Tallahassee, FL 32308 and **Bradley Bulthuis**, Esquire, 500 San Sebastian View, St. Augustine, Florida 32084.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
David R. Jadon, Esquire
Fla. Bar No. 1010249
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
           djadon@hilyardlawfirm.com
Attorneys for Defendants