UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

    Plaintiff,

v.                                        CASE NO. 3:21-cv-746

ST. JOHNS COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.
_____/

**Uniform Case Management Report**

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

    The parties conducted the planning conference on 2/7/2022. Rook Ringer, David Jadon, and Gwen Adkins attended the conference.

2. **Deadlines and Dates**

    The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/28/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/29/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 7/1/2022 |
| Defendant's deadline for disclosing any expert report. | 8/1/2022 |
| Deadline for disclosing any rebuttal expert report. | 8/15/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/31/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/31/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Mediator to be determined. | 11/30/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/3/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/10/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/17/2023 |
| Month and year of the trial term. | 4/1/2023 |

The trial will last approximately 5 days and be

☒  jury.

☐  non-jury.

3. **Description of the Action**

   In a few sentences, describe the nature of the action and its complexity.

   **FOLLOWING HIS ARREST ON JULY 29, 2019, PLAINTIFF SUES DEFENDANTS FOR ALLEGED VIOLATIONS OF HIS FOURTH AMENDMENT RIGHTS AGAINST UNREASONABLE SEARCH AND SEIZURE AND OF HIS FOURTEENTH AMENDMENT RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT AND FOR MULTIPLE STATE LAW CLAIMS INCLUDING NEGLIGENT HIRING, NEGLIGENT SUPERVISION, AND FALSE IMPRISONMENT.**

   **DEFENDANTS DENY THEIR ACTIONS VIOLATED PLAINTIFF'S RIGHTS AS ALLEGED OR THAT HE STATES A CAUSE OF ACTION UNDER STATE LAW, AND FURTHER DEFEND THEIR ACTIONS AS HAVING BEEN TAKEN IN GOOD FAITH AND IN CONFORMANCE WITH FLORIDA STATUTES, THE U.S. CONSTITUTION AND AMENDMENTS THERETO, AND STANDARD POLICE PROCEDURES. DEFENDANTS DENY THEIR ACTIONS CAUSED ANY INJURY TO PLAINTIFF.**

4. **Disclosure Statement**

   ☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.
   **This provision in not applicable to the parties in this action.**

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.
   **There are no related actions at this time.**

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☐ Yes.
      ☒ No; instead, the parties agree to the changes suggested above in Paragraph Section 2.

   B. Discovery may be needed on these subjects:

      1. Whether Defendants violated any of Plaintiff's rights as alleged in the First Amended Complaint.
      2. Whether Defendants' actions and/or inactions involving Plaintiff
         were taken in good faith, in accordance with state and federal law, and/or were based on generally accepted police practices.
      3. Whether Plaintiff has suffered any damages.
      4. Whether Plaintiff has mitigated his damages.
      5. All other issues raised in Plaintiff's First Amended Complaint and/or
         Defendants' respective Answers and Affirmative Defenses, their
         motions, and responses and amendments thereto.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No. None known at this time.
      ☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

   None known at this time.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

   ☒ No.
   ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Respectfully submitted this 7th day of February 2022.

| | |
|---|---|
| */s/ Rook Elizabeth Ringer*<br>Rook Elizabeth Ringer<br>FBN:1015698<br>LENTO LAW GROUP, P.A.<br>222 San Marco Ave., Ste. C<br>St. Augustine, FL 32084<br>904.602.9400 (Office)<br>904.299.5400 (Fax)<br>reringer@lentolawgroup.com<br><br>*ATTORNEY FOR PLAINTIFF*<br><br>Joseph D. Lento<br>(*Pro Hac Vice* to be applied for)<br>LENTO LAW GROUP, P.A.<br>1500 Market Street – 12th Floor<br>East Tower<br>Philadelphia, PA 19106<br>267.833.0200 (Office)<br>267.833.0300 (Fax)<br>Jdlento@lentolawgroup.com<br><br>TRIAL COUNSEL FOR PLAINTIFF | */s/ Gwendolyn P. Adkins*<br>Gwendolyn P. Adkins<br>FBN:0949566<br>COPPINS MONROE, P.A.<br>1319 Thomaswood Drive<br>Tallahassee, Florida 32308<br>Telephone: (850) 422-2420<br>Facsimile: (850) 422-2730<br>gadkins@coppinsmonroe.com<br>bmiller@coppinsmonroe.com<br>adelk@coppinsmonroe.com<br><br>*ATTORNEY FOR DEFENDANTS KENNETH EVERETT and PATRICK WARWIN* |
| | */s/ Bruce R. Bogan*<br>Bruce R. Bogan<br>FBN: 599565<br>David R. Jadon<br>FBN: 1010249<br>HILYARD, BOGAN & PALMER, P.A.<br>Post Office Box 4973<br>Orlando, FL 32802-4973<br>Telephone: 407-425-4251<br>Facsimile:  407-841-8431<br>bbogan@hilyardlawfirm.com<br>djadon@hilyardlawfirm.<br><br>*ATTORNEYS FOR DAVID B. SHOAR and MATTHEW CLINE* |