# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BRIAN A. HARRISON,

    Plaintiff,

v.

                                        Case No.: 3:21-cv-746-BJD-LLL

DAVID B. SHORE, in his official
capacity as Sheriff of St. Johns
County, Florida, et al.,

    Defendant.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER
## AND REFERRAL TO MEDIATION

Having considered the case management report prepared by the parties, the Court enters this case management and scheduling order:

| | | |
|---|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P.26(a)(1)) | | **February 28, 2022** |
| Certificate of Interested Persons and Corporate Disclosure Statement | | **February 28, 2022** |
| Motions to Add Parties or to Amend Pleadings | | **April 29, 2022** |
| Disclosure of Expert Reports | Plaintiff:<br>Defendant:<br>Rebuttal: | **July 1, 2022**<br>**August 1, 2022**<br>**August 15, 2022** |
| Discovery Deadline | | **August 31, 2022** |
| Mediation | Deadline:<br>Mediator:<br>Address:<br>Telephone: | **November 30, 2022**<br>*TBD[1]* |

---

    [1] The parties must select a court-approved mediator, who is acceptable to all parties and inform the Court of the Mediator's name, address and telephone number **no later than May 31, 2022**.

| | |
|---|---|
| Dispositive and <u>Daubert</u> Motions (Responses due 21 days after service) | **October 31, 2022** |
| Motions <u>In</u> <u>Limine</u> | **March 8, 2023** |
| Responses to Motions <u>In</u> <u>Limine</u> | **March 15, 2023** |
| All Other Motions | **March 15, 2023** |
| Joint Final Pretrial Statement | **March 15, 2023** |
| Final Pretrial Conference    Date:<br>Time:<br>Judge: | **March 22, 2023**<br>**10:00 AM**<br>**Brian J. Davis** |
| Trial Term Begins<br>[Trials Before Magistrate Judges Begin on Date Certain] | **April 3, 2023**<br>**9:00 A.M.** |
| Estimated Length of Trial | **5 days** |
| Jury/Non Jury | **Jury** |

    1.    With respect to discovery matters, the date set forth above is the <u>final</u> date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date. Specifically, motions to compel brought pursuant to Rule 37 must be filed <u>no later than</u> the close of discovery. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes. Therefore, this Court will not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court. If promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause.

2. The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed.R.Civ.P. 5.2.

3. Pursuant to Local Rule 3.01(a), any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court. Responses to motions may not exceed 20 pages absent leave of Court. In summary judgment practice, the combined motion and memorandum (including any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages without permission of the Court.  <u>Please deliver a courtesy copy of all dispositive and *Daubert* motions and responses, including copies of all relevant exhibits and depositions, to the chambers of the undersigned</u>.

4. Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures. While counsel for the Plaintiff shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion.

5. A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk on or before the date noted in this Order with two courtesy copies to be provided to the Court.  The parties are required to identify the depositions to be read at trial in the pretrial statement but are <u>not</u> required to

designate the pages of depositions to be read at trial until a date to be established by the Court at the final pretrial conference.

6. The final pretrial conference and trial will be held in Courtroom 12C, 12th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial. **Arguments on Motions In Limine, if allowed, will be heard at the Final Pretrial Conference.**

7. Unless otherwise ordered by the Court, no later than **five days** before the trial term set forth above, the parties **shall file** with the Clerk of Court the following (<u>and</u>, as to each of the following, provide directly to Chambers, Suite 11-400, by mail or hand delivery two (2) copies marked "Judge's Chambers Copy"):

    (a)    <u>Each side</u> shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all significant disputed issues of law likely to arise at trial: **<u>and</u> either (b) or (c) below, as appropriate.**

    (b)    **<u>If case is a jury trial</u>**, the following

        (1)    A concise (one paragraph preferably) <u>joint</u> or <u>stipulated</u> statement of the nature of the action to be used solely for purpose of providing a <u>basic</u> explanation of the case to the jury *venire* at the commencement of jury selection process:

        (2)    **Proposed *Voir Dire*** (the Court will conduct the jury *voir dire* and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular

- 4 -

questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

(3) A **Proposed Verdict Form** and complete set of all written **Proposed Jury Instructions.** (The Court will expect counsel to give their best efforts, cooperatively, in the production of a <u>joint set of instructions and verdict form</u>, the format of which the Court will discuss at the pretrial conference.)

(c) <u>**If case is a non-jury trial,**</u> **Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

8. The parties are advised (and should advise their witnesses) that photo identification is required to enter the United States Courthouse. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.[2]

9. In the event that the dates set herein for final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

10. **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES**

---

[2] Cell phones must be turned off while in the courtroom.

SHOULD PROCEED ACCORDINGLY.  DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.

### MEDIATION ORDER

This case is referred to the mediator listed above pursuant to Chapter Four of the Local Rules.  Counsel for Plaintiff is designated as lead counsel to be responsible for coordinating a mutually agreeable mediation date and for filing a notice advising the Court of the date selected for mediation.  If Plaintiff is proceeding pro se, counsel for Defendant shall undertake the responsibility for coordinating a mutually agreeable mediation date and for filing the notice.  The mediation conference shall be completed by the date set forth above.  Absent agreement otherwise by the parties or order of the Court, the cost of the mediator's services shall be borne equally by the parties.

**DONE** and **ORDERED** in Jacksonville, Florida this 8th day of February, 2022.

BRIAN J. DAVIS
United States District Judge

*Copies to:*

Counsel of Record
Mediator with attachments:    mediation report form, docket sheet

*ap*