UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

     Plaintiff,

v.                            CASE NO. 3:21-cv-00746-BJD-LLL

ST. JOHNS COUNTY SHERIFF'S
OFFICE, ET. AL.,

     Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENDED TIME TO COMPLETE DISCOVERY [Doc.58] and MOTION FOR PROTECTIVE ORDER FROM ADDITIONAL DISCOVERY

Pursuant to Rule 6, Federal Rules of Civil Procedure, and M.D. Fla. Loc. R. 3.01, Defendants Shoar, Cline, Warwin, and Everett respond in opposition to Plaintiff's Motion for Extended Time to Complete Discovery [Doc.58] seeking to extend the discovery period by 30 days. Additionally, pursuant to Rule 26, Federal Rules of Civil Procedure, Defendants seek an order protecting them from the burden and harassment of late discovery by Plaintiff. In opposition to Plaintiff's motion to extend discovery and in support of their motion for a protective order, Defendants state:

Objections to Plaintiffs' Motion for Extended Discovery:

1.     This case was initiated in July 2021, with Plaintiff's filing of the Complaint. Two attorneys appeared for Plaintiff at that time: Rook Ringer, located in St. Augustine, and Joe Lento (*pro hac vice)*, located in Philadelphia, PA, both of Lento Law Group, P.A. Plaintiff began serving process against Defendants within a few weeks thereafter.

2.     The Court allowed for a lengthy discovery period setting the deadline therefor for August 31, 2022. [Doc.36]. Plaintiff sent initial written discovery to Defendants Shoar and Cline (including interrogatories and requests for production of documents) and to Defendants Everett and Warwin (interrogatories) in February 2022 and defendants responded thereto in March and April 2022.

3.     Defendants also engaged in written discovery during this time frame and coordinated Plaintiff's deposition for June 2022.

4.     Five days before the scheduled deposition, Rook Ringer advised counsel for Defendants she had left Lento Law Group and provided new contact information.

5.     The day before the scheduled deposition, the firm manager for Lento Law Group contacted counsel for Defendants Everett and Warwin and advised that no decision had yet been made as to who would handle the case and requesting to reschedule Plaintiff's deposition. Counsel for Defendants

agreed to postpone the deposition on the condition that it could be rescheduled within 30 days, specifically noting that the discovery deadline was nearing.

6.      On June 21, 2022, the office manager for Lento Law Group in New Jersey advised the case would stay with the firm and designated Chigozie Nwankwo as the new lead counsel and Lorry Hearn as the point person for rescheduling the deposition. Counsel for Defendants Everett and Warwin immediately reached out to Mr. Nwankwo and Ms. Hearn and spoke with Mr. Nwankwo by phone on June 22. After that initial call, communications with Mr. Nwankwo and Ms. Hearn were difficult and few, if any responses, were received to phone calls and communications via electronic mail. Counsel's office staff was passed between communications with the office manager and Ms. Hearn.

7.      Mr. Nwankwo finally responded on August 18 providing yet a different person to assist with scheduling Plaintiff's deposition, who confirmed the deposition for August 25, 2022, and advised counsel Nichelle Womble would attend the deposition for Plaintiff.

8.      On August 30, the day before the discovery deadline, Ms. Womble inquired of counsel for Defendants about the possibility of extending the discovery period citing the death of Mr. Nwankwo as the basis therefor. Counsel expressed their sympathies for the loss of Mr. Nwankwo, the date or

circumstances of which are unknown to counsel, but advised Ms. Womble of their objections to an extension of the discovery period for essentially the reasons articulated herein. Despite these communications, Plaintiff filed his Motion for Extended Time to Complete Discovery [Doc.58] citing no reference to Defendants' positions. The Middle District follows the rule that the completion date for discovery, means that all discovery must be completed by the date in the discovery order. (Doc. 36); *See* Middle District Discovery (2021) at Section F. Plaintiff's attempt to conduct additional discovery should be denied for this reason alone.

9.    The rules require good cause for an extension of time. Plaintiff has been represented by Lento Law Group for more than a year. Mr. Lento appeared as counsel of record at the inception of the case and remains so today. Mr. Nwankwo appeared as counsel for Plaintiff a little more than 60 days before the end of discovery. His passing, apparently in the last 10 days of discovery, is not good cause for extending the deadline when written discovery had been completed some four months earlier, depositions of defendants had never been scheduled, and no discovery was pending at the time of his death.

10.    The last-minute change in one of the attorneys representing Plaintiff just before his deposition on August 25, 2022, is not grounds for an extension of time. Plaintiff's written discovery had been completed months

before and there were no depositions or other discovery outstanding at the time Ms. Womble appeared in the case.

<u>Objections to Plaintiff's late discovery and Motion for Protective Order</u>:

11.    On September 7, 2022, counsel for Defendants each received, via U.S. mail,[1] correspondence from Ms. Womble enclosing Notices of Taking Depositions for their respective clients along with Requests for Production of Documents. See Exhibits A and B attached hereto.

12.    With regard to the Notices for deposition, Defendants state:

- At no time during the thirteen-month period from inception of the case until the close of discovery were any of the defendants ever scheduled for deposition.

- At no time were counsel for Defendants contacted regarding the scheduling of these late depositions. They were set unilaterally. An attorney is expected to accommodate the schedules of opposing counsel and is expected to pre-arrange a deposition with opposing counsel before serving the notice. *See* Middle District Discovery (2021) at Section A(1). Additionally, Local Rule 3.04 requires the party noticing the deposition

---

[1] It should be noted that the cover letter is dated August 31, 2022, but the envelope reflects a postmark date of September 1, 2022.

to give a minimum fourteen day's written notice to every other party and the deponent. Plaintiff failed to comply with this Rule.

- Despite the certificate of service on each notice in which Plaintiff's counsel certifies that the notice was furnished by CM/ECF to all counsel of record, they were not. As stated above, counsel received the letters via U.S. Mail on September 7. They did not receive copies in any other manner.

- The depositions overlap with both Matthew Cline and Patrick Warwin being set at 9am on September 28, 2022, and Sheriff Shoar and Kenneth Everett set at 9am on September 29, 2022.

13.    All Defendants seek a protective order from their depositions on the grounds that the discovery deadline has passed and to subject them to deposition at this late stage of the proceedings when dispositive motions are soon due would serve only to prejudice them and to interrupt the orderly schedule entered by this Court in early 2022.

## Memorandum of Law

Pursuant to Local Rule 3.01(a), Defendants offer the following memorandum of law:

Opposition to Plaintiff's Motion for Extended Discovery [Doc.58]

14.    Federal Rule of Civil Procedure 6(b) provides for an extension of time for good cause shown. The desire of an attorney entering a notice of appearance for Plaintiff less than a week before the close of discovery when his colleagues have had more than a year to complete discovery is not good cause. Plaintiff had ample opportunity to conduct meaningful discovery. To continue discovery at this stage will serve only to prejudice Defendants.

15.    Additionally, the depositions of Sheriff Shoar and Undersheriff Cline should be denied as they are subject to the "Apex Doctrine." The doctrine has grown out of the Supreme Court's opinion in *United States v. Morgan*, 313 U.S. 409, (1941). *See* In re U.S. Dep't of Educ., 25 F.4th 692, 700 (9th Cir. 2022) (citing *Morgan* as the genesis of the apex doctrine). In *Morgan*, the Secretary of Agriculture was required to sit for an examination regarding the legality of an order. 313 U.S. at 422. The Supreme Court stated in dicta at the end of its opinion that "the Secretary should never have been subjected to this examination" because of his status as a cabinet official. *Id.* This doctrine recognizes that top-level government officials "have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007). The doctrine does not just apply to government officials who are at

7

the pinnacle, but also very near the pinnacle of an agency. *See e.g., Florida v. United States*, 2022 U.S. Dist. LEXIS 159493 *9 (N.D. Fla. Sept. 2, 2022). Most courts that have addressed the issue have held that sheriffs—regardless of the population or size of the jurisdiction in which they serve—are of sufficient rank to warrant protection from depositions. *See Odom v. Roberts*, 337 F.R.D. 359, 364 (N.D. Fla. Dec. 1, 2020) (summarizing and collecting cases). When deciding if circumstances exist to permit a top-level official to be deposed, courts have looked at whether (1) the deposition is necessary to obtain first-hand information; (2) the official has information that would be important to the case; (3) the deposition would not significantly interfere with the official's job responsibilities; and (4) the evidence sought from the official is not reasonably available from alternative deponents. *See, e.g. Odom*, 337 F.R.D. at 364. Defendants Shoar and Cline request a protective order preventing their depositions because: there is no indication they have personal involvement with or knowledge of the case at all, there is no indication they have any information relevant to the claims or defenses, and they are both high-ranking public officials who are entitled to protection from deposition unless Plaintiff can demonstrate 1) that they have personal knowledge of pertinent facts and 2) that Plaintiff has exhausted less intrusive means of discovery. *See, e.g., Cruz v. Green,* No. 18-60995-CIV, 2019 WL 5208913 (S.D. Fla. Feb. 7, 2019). Plaintiff

does not, and cannot, make such a showing. In fact, during his deposition, the Plaintiff stated he had no knowledge of any fault by the Sheriff, the Office of the Sheriff, or Matthew Cline as it relates to any of his claims against them.

16.    Moreover, as it relates to Defendant Shoar, Plaintiff failed to comply with Federal Rule of Civil Procedure 30(b)(6), which requires the noticing party to describe with reasonable particularity the matters for examination, and to confer in good faith with the organization the matters for examination.  *See* Fed. R. Civ. P. 30(b)(6).

17.    With regard to the Requests for Production of Documents (RFP), Plaintiff already served Defendants Shoar and Cline with a request on February 28, 2022, which were responded to in full in April 2022. Though no RFP was served on the individual defendants, Plaintiff had 13 months from the inception of the case to do so and gives no explanation as to why additional time is needed now. Moreover, it is apparent from a quick glance at the 58 numbered paragraphs of the RFP that many of the requests seek information which is privileged as work product or attorney-client communications, which has already been requested and provided by Defendants Shoar and Cline, which is not in the possession of the individual defendants, which is irrelevant to the claims in this action, and/or which is not limited in time or scope and is overbroad and overburdensome.

18.    Defendants must show good cause for a protective order. Fed.R.Civ.P. 26. Plaintiff had thirteen months and three attorneys before Nichelle Womble in order to choose how to prosecute his case. His failure to do so does not give counsel entering a Notice of Appearance [Doc.56] six days before the close of discovery grounds to re-open discovery that prior counsel did not see fit to conduct.

19.    Looming are the deadline for dispositive motions and the mediation scheduled at the court's directive. Defendants have timely engaged in discovery and defended in accordance with the rules and the schedule set by the parties and this court. To allow Plaintiff additional discovery at this late stage which is not founded on good cause will interrupt the orderly progression of the case pursuant to the court-imposed schedule and will unfairly prejudice Defendants subjecting them to additional expenses. As mentioned above, Plaintiff failed on multiple counts to follow this Court's discovery guidelines, local rules, and this Court's order. His request should be denied and protective orders granted on behalf of all defendants.

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Extended Discovery [Doc.58] for which good cause has not been shown, and further requests the Court grant the instant Motion for Protective Order for which Defendants have shown good cause, and enter

10

an Order protecting them from the depositions unilaterally scheduled and the late served Requests for Production of Documents.

## **Local Rule 3.01(g) Certification**

In accordance with Local Rule 3.01(g), undersigned counsel certify that prior to the filing of this motion, they undertook their duty to confer in good faith with the opposing party as follows:

Counsel for defendants attempted to reach counsel for Plaintiff by telephone, corresponded with Plaintiff's counsel via email to outline their objections to the Motion for Extended Discovery and to the additional discovery propounded and unilaterally scheduled by Plaintiff, and participated in a web conference with Plaintiff's counsel Nichelle Womble. Attorney Joe Lento did not appear for the conference but Office Manager for the firm, John Groff, who is not an attorney, participated in the call and presented argument on behalf of Plaintiff's cause. In large part, the reasons presented for extending the discovery deadline and for additional discovery were the death of Mr. Nwankwo, the departure of Rook Ringer on 2-weeks' notice, and the firm is not in possession of all of the files of Rook Ringer, the firm does not know what discovery was conducted, and/or the firm believes documents exist which were previously requested by Plaintiff but were not produced by Defendants. Defendants note this would be a motion to compel related to an earlier

discovery request under Federal Rule of Civil Procedure 37, and not a motion for extension of time for discovery. Counsel for Plaintiff last indicated she will provide a list of documents she believes were not initially produced and that she will consider the possibility of canceling the depositions of the individual defendants.

Given that no resolution has yet been reached and to ensure timely protection from the proposed discovery, Defendants have proceeded with the filing of this motion and will update this Court should additional communications be received from Plaintiff's counsel and resolution reached with regard to any of the issues raised herein.

Respectfully submitted this 15th day of September 2022.

| /s/ Bruce R. Bogan | /s/ Gwendolyn P. Adkins |
|---|---|
| Bruce R. Bogan | Gwendolyn P. Adkins |
| FBN: 599565 | FBN:0949566 |
| David R. Jadon | COPPINS MONROE, P.A. |
| FBN: 1010249 | 1319 Thomaswood Drive |
| HILYARD, BOGAN | Tallahassee, Florida 32308 |
| & PALMER, P.A. | Telephone: (850) 422-2420 |
| Post Office Box 4973 | Facsimile: (850) 422-2730 |
| Orlando, FL 32802-4973 | gadkins@coppinsmonroe.com |
| Telephone: 407-425-4251 | bmiller@coppinsmonroe.com |
| Facsimile:  407-841-8431 | adelk@coppinsmonroe.com |
| bbogan@hilyardlawfirm.com | |
| djadon@hilyardlawfirm.com | |
| | ATTORNEY FOR DEFENDANTS |
| ATTORNEYS FOR | KENNETH EVERETT and |
| DAVID B. SHOAR and | PATRICK WARWIN |
| MATTHEW CLINE | |

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*<u>/s/ Gwendolyn P. Adkins</u>*
Attorney

13