UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

    Plaintiff,

v.                               Case No. 3:21-cv-746-BJD-LLL

DAVID B. SHOAR, in his official
capacity as Sheriff of St. Johns
County, Florida, MATTHEW
CLINE, in his personal capacity,
KENNETH EVERETT, in his
personal capacity, PATRICK
WARWIN, in his personal capacity,
JOHN & JANE DOE SHERIFF'S
DEPUTIES (1-10), JOHN & JANE
DOE SUPERVISORY DEPUTIES
(1-10), and ST. JOHNS COUNTY,
FLORIDA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Extended Time to Complete Discovery (Doc. 58) and Defendants' Opposition (Doc. 59). Plaintiff moves to extend discovery "until the end of September." (Doc. 58 at 1). Plaintiff explains counsel for Plaintiff changed, and in the midst of changing counsel, another attorney representing Plaintiff died. Id.

Defendants oppose Plaintiff's motion, explaining that at least one of Plaintiff's counsel has been on this case since its inception. (Doc. 59 at 4).

Defendants also explain deficiencies in Plaintiff's new counsel's approach to completing the discovery process. See id. at 5–6. Defendants request Plaintiff's motion be denied and that a protective order be entered to prevent Plaintiff from taking their depositions.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Prop., Inc. v. Fla. Moving & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Rule 16(b) of the Federal Rules of Civil Procedures allows a Court to modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note).

Here, to support a good cause determination, counsel for both parties explain how the death of Plaintiff's former counsel impacted the discovery process. To date, neither side has requested an extension or an amendment of the Case Scheduling and Management Order (Doc. 36).

Defendants Shoar and Cline argue they will be prejudiced under the "Apex Doctrine" if discovery is extended and if Plaintiff is allowed to take their deposition. This Doctrine's foundations come from United States v.

Morgan, 313 U.S. 409 (1941), where market agencies sued the government to set aside an order issued by the Secretary of Agriculture. Morgan, 313 U.S. at 413. Within the Morgan case, the Secretary was deposed and testified at trial to explain "the process by which he reached the conclusions of his order, including the manner and extent of his study of the record and his consultation with subordinates." Id. at 422. The Court explained the nature of the Secretary's review and amounted his order to be akin to an administrative decision, explaining "the Secretary should never have been subjected to [such] examination" as a deposition or being called to testify at trial. Id. The Supreme Court likened the Secretary to a judge and explained "[s]uch an examination of a judge would be destructive of judicial responsibility." Id.

To support their argument, Defendants point this Court to Odom v. Roberts, 337 F.R.D. 359, 364 (N.D. Fla. 2020). Defendants would like this Court to liken Defendants Shoar and Cline to the Secretary in Morgan, whom the Supreme Court likened to a judge. (Doc. 59 at 7–8). However, as the court in Odom explained, it is not enough to establish "that an individual is a 'high-ranking' government official." Odom, 337 F.R.D. at 364. "Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated [and] other persons cannot provide the necessary information." Id. (quoting Bogan v. City of Boston, 489

F.3d 417, 423 (1st Cir. 2007)). See also In re United States (Holder), 197 F.3d 310, 313–14 (8th Cir. 1999) (explaining the "Apex Doctrine" and circumstances where such qualifying government officials could be asked to testify); In re United States (Kessler), 985 F.2d 510, 512 (11th Cir. 1993) (per curiam) (explaining qualifying government officials may be required to testify if a "compelling need" or "exceptional circumstances" exist).

Plaintiff's Second Amended Complaint alleged Defendants Shoar and Cline violated federal and state law through failing to train the other Defendants and through negligent supervision and hiring. (See generally Doc. 38). These claims were dismissed. (See Doc. 61). Accordingly, Defendant's motion for protective order is moot.

Defendants will not be prejudiced by this Court granting a modest extension of the remaining deadlines in the Case Management and Scheduling Order. However, Plaintiff's counsel is cautioned to abide by the new deadlines this Court will enter and to the Local Rules for Middle District of Florida.[1]

---

[1] Defendants raise a number of concerns with Plaintiff's attempts to complete depositions before the original discovery deadline. By entering an amended Case Management and Scheduling Order, the timing issues raised in Defendant's response should be cured.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Motion to Extend Discovery Deadline (Doc. 58) is **GRANTED**.

2. Discovery will be due on or before **October 28, 2022**.

3. An amended Case Management and Scheduling Order will enter extending the remaining deadlines.

**DONE** and **ORDERED** in Jacksonville, Florida this 23rd day of September, 2022.

_____
BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record