# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| BRYAN A. HARRISON<br><br>Plaintiff,<br><br>v.<br><br>ST. JOHNS COUNTY SHERIFF'S OFFICE, ET. AL.,<br><br>Defendants. | Case No.: 3:21-cv-746-BJD-JRK |

## MOTION FOR LEAVE TO ADD AN EXPERT WITNESS AND TO REOPEN DISCOVERY FOR A LIMITED PURPOSE

Plaintiff Bryan Harrison respectfully request leave to add an expert rebuttal witness and to reopen discovery for the limited purpose of preparing and exchanging an expert report and providing Defense Counsel an opportunity to depose the expert. The matters upon which the proposed expert will testify first arose as substantive issues October 14, 2022, during the Defendants' Everett and Warwin production of documents as well as the Depositions of both Defendant's taken October 18, 2022, and transcripts received October 28, 2022, pursuant to your Honor's order to extend discovery to October 28, 2022. Defense was noticed via supplement on September 27, 2022, of the intention to use an expert witness. This motion is filed within 30 days of October 14, 2022.

### I. ANALYSIS

Pursuant to rule 26 disclosures:

(2) *Disclosure of Expert Testimony. In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.
(E) *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e). *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises; (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

On September 27, 2022, pursuant to the order to extend discovery Defense was served with a supplement notifying them of the intent to use an expert witness. Plaintiff also provided the defense with a cv for the intended expert as well as the nature of their report and testimony. Prior to this Defense was also notified via phone of the intent to include an expert pending the information received during discovery. Plaintiff served the defense with Notice to produce on August 31, 2022, and received a response to that request on October 14, 2022. Depositions were also not scheduled until October 18, 2022, which did not leave much time for the expert to create the report. Plaintiff did not initially disclose the expert as the information in their report was not provided to us prior to the July 1, 2022, deadline which called for the need to supplement.

This case has transferred hands in our office multiple times due to no fault of our own which also slowed down production of the expert and other information as we were in the process of determining what had been completed and what had not been done without one party present due to his passing and the other abruptly leaving the firm prior to the set deadlines.

While discovery has closed, the circumstances here justify reopening discovery for the limited purpose of allowing Plaintiff the opportunity to identify and present an expert on (1) the generally accepted standards for entry into a dwelling and lawful seizure; (2) generally accepted standards based on following

policy and procedure as it relates to Florida statute 784.048 ; (3) standard of care , deprivation of rights, false imprisonment, and cruel and unusual punishment as it relates to the general standards of law enforcement.

Defense would not be prejudiced to the allowing for the reopening of discovery for this limited purpose as pursuant to the order extending discovery there will be another order extending the final deadlines including trial which is already set for more than 90 days out currently.

Failure to grant a party the opportunity to present expert witness testimony on elements of proof necessary to defend its case is prejudicial. See U.S. v. Cavin, 39 F.3d 1299 1308 (5th Cir. 1994) (District Court abused its discretion in excluding expert evidence crucial to building the defense); S. v. Van Dyke 14 F.3d 415 422-23 (5th Cir. 1994) (District Court committed reversible error in excluding expert testimony that would clarify complex regulatory matters with closely intertwined legal and factual issues); S. v. Alexander, 816 F.2d 164, 169 (5th Cir. 1987) (reversing as clearly erroneous exclusion of expert testimony where entire case turned on subject of expert testimony.

Respectfully Submitted,

Dated: November 8, 2022

                                                /s/ Nichelle Lynn Womble
NICHELLE LYNN WOMBLE, ESQUIRE
LENTO LAW GROUP, P.C.
FL State Bar No.: 1032744
11555 Heron Bay Blvd, Suite 231
Coral Springs, FL 33076
(T): (904) 602-9400
(F): (904) 299-5400
nlwomble@lentolawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2022, a copy of the foregoing has been furnished by CM/ECF to all counsel of record.

| |
|---|
| Gwendolyn Palmer Adkins |
| Coppins Monroe Adkins & Dincman, P.A. |
| gadkins@coppinsmonroe.com |
| ATTORNEY FOR DEFENDANTS KENNETH EVERETT and PATRICK WARWIN |

.