UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

     Plaintiff,

v.                              CASE NO. 3:21-cv-00746-BJD-LLL

ST. JOHNS COUNTY SHERIFF'S
OFFICE, ET. AL.,

     Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD AN EXPERT AND TO REOPEN DISCOVERY [Doc.65] and MOTION TO STRIKE AND TO EXCLUDE PLAINTIFF'S EXPERT WITNESS

Pursuant to Rule 6, Federal Rules of Civil Procedure, and M.D. Fla. Loc. R. 3.01, Defendants Warwin and Everett respond in opposition to Plaintiff's Motion for Leave to Add an Expert and to Reopen Discovery [Doc.65]. Additionally, Defendants move to strike the report of, and any testimony from, Daniel Busken for Plaintiff's failure to comply with Rule 26(a)(2)(B) and Rule 37, Federal Rules of Civil Procedure. In opposition to Plaintiff's second motion to extend discovery and in support of their motion to strike Plaintiff's expert, Defendants state:

1.     At the outset, Defendants note that Plaintiff's Motion [Doc.65] fails to comply with Local Rule 3.01 in that it, at minimum, fails to specify the

precise relief requested as required by subsection (a), and fails to certify that the movant conferred with the opposing party in good faith as required by subsection (g).

2.      This case was initiated in July 2021, with Plaintiff's filing of the Complaint. The Court allowed for a lengthy discovery period setting the deadline therefor for August 31, 2022. [Doc.36].

3.      Before the discovery deadline, Plaintiff and all Defendants made disclosures pursuant to Rule 26(a)(1). Plaintiff's sole disclosure, made on February 16, 2022, made no reference to any expert witness.

4.      The deadline for expert disclosures by Plaintiff was July 1, 2022. [Doc.36]. Plaintiff made no such disclosure in accordance with Rule 26(a)(2). Defendants made no disclosure of expert witnesses.

5.      After various changes in some of Plaintiff's counsel over the summer of 2022, Plaintiff belatedly[1] sought a thirty day extension to "complete" discovery [Doc.58] and served additional written discovery on Defendants at that time. No mention was made of any expert witness or the need therefor.

_____

[1] Plaintiff's first motion to extend discovery [Doc.58] was made on August 30, two days after the discovery deadline.

2

6.      This Court graciously granted a 60-day extension of the discovery period until October 28, 2022. [Doc.62]. In doing so, it cautioned Plaintiff's counsel to abide by the new deadlines and to the Local Rules. [Doc. 62]

7.      On October 30, two days *after* the extended discovery deadline, Plaintiff served counsel via electronic mail the report of Daniel Busken, a purported expert in law enforcement practices. The report was served without a "disclosure" as required by Fed.R.Civ.P. 26(a)(2); however, Plaintiff contends the defense "was noticed via supplement on September 27, 2022, of the intention to use an expert," and that the "matters upon which the proposed expert will testify first arose as *substantive issues* October 14, 2022, during the Defendants' [ ] production of documents as well as the depositions of both Defendant's [sic] taken October 18, 2022." [Doc.65].

8.      No Rule 26(e) supplementation has ever been filed by Plaintiff for Rule 26(a)(1) disclosures. And since no Rule 26(a)(2) disclosure was ever made by Plaintiff, he could not have "supplemented" it pursuant to subsection (e).

9.      On September 27, 2022, counsel for Plaintiff sent by electronic mail a letter which advised of Plaintiff's intent to disclose Daniel Busken as a Police Practices expert. A copy of Busken's CV was attached.

10.     Defendants do not understand the remarks in Plaintiff's motion that the matters on which Mr. Busken will testify became "substantive issues"

– suggesting they could not have previously been known or anticipated by Plaintiff – when Defendants responded to Plaintiff's Request for Production of Documents and during their depositions.

11.     The individual defendants had virtually no documents in their "possession" responsive to Plaintiff's request but, as counsel advised at the time, re-produced all documents believed to have previously been produced by Defendant Sheriff using Bates numbers for easy reference. Virtually all of these records are public records under Florida Statutes, Chapter 119, and could (as well as should) have been obtained by Plaintiff and his counsel prior to this lawsuit ever being filed.

12.     The claims brought against the individual defendants have not changed. It is unknown how their depositions suddenly made issues "substantive."

13.     Rule 26 mandates that "[a] party must make these [expert] disclosures <u>at the times and in the sequence</u> that the court orders." Fed.R.Civ.P. 26(a)(2)(D). In this instance, the date was July 1. This rule is enforced by Rule 37(c), which provides, "If a party fails to provide information or identify a witness as required by Rule 26(a)..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

14.   Plaintiff's "disclosure" of Daniel Busken as an expert, Mr. Busken's report, and any testimony from Mr. Busken should be stricken as untimely and for failure to comply with Rules 26 and 37, Federal Rules of Civil Procedure. [2]

15.   Though it is not precisely stated in Plaintiff's motion, the title and first sentence of the motion suggest Plaintiff seeks the reopening of discovery for the "limited" purpose of 1) allowing Plaintiff's "disclosure" of Daniel Busken as an expert to be timely, and 2) affording Defendants the opportunity to depose Mr. Busken. This is indeed a limited request, providing a significant benefit to Plaintiff and prejudicing Defendants. Plaintiff's request ignores his failures to comply with the federal and local rules and with the directives of this Court, and further ignores the schedule set forth by this Court (already extended to accommodate Plaintiff) and the prejudices to Defendants. Accepting Busken's report as timely and allowing Defendants to quickly depose him does not cure Plaintiff's failures.

---

[2] This motion does not address Mr. Busken's qualifications as an expert or the propriety or admissibility of the opinions expressed in his report. Should the Court not exclude the report and testimony of Busken, Defendants intend to file a separate motion *in limine* to exclude opinions which he is not qualified by *Daubert* to express, which are impermissible conclusions of law, which improperly attempt to comment on the credibility of witnesses, invade the province and function of the jury, and/or which are not otherwise properly admissible as evidence at trial.

5

16.     Yet again, Plaintiff's motion is filed when looming are the deadline for dispositive motions and the mediation scheduled at the court's directive. Defendants have timely engaged in discovery and defended in accordance with the rules and the schedule set by the parties and this court. To allow Plaintiff additional discovery at this late stage which is not founded on good cause will interrupt the orderly progression of the case pursuant to the court-imposed schedule and will unfairly prejudice Defendants subjecting them to additional expenses.

17.     The deadline for dispositive motions is November 27. Fed.R.Civ.P. 56(b). Defendants motion(s) are well underway. Should the Court accept Busken as a timely disclosed expert, Defendants will be forced to seek to re-open discovery to consult and provide an expert witness, after which Plaintiff will no doubt seek to serve a rebuttal report, and all experts will need to be deposed. Dispositive motions will necessarily be postponed and the parties' would likely seek to postpone mediation.

18.     Plaintiff's Motion does not include any certification with respect to the requirement of Local Rule 3.01(g) that counsel confer in a good faith effort to resolve the issues raised in the motion. Indeed, she made no such effort.

19.     On November 7, 2022, it was counsel for Defendants who wrote to Plaintiff's counsel via e-mail and outlined her intent to seek to strike the report

6

of Daniel Busken as untimely and precisely identified the reasons therefor and the nature of the conferral pursuant to Local Rule 3.01(g). Counsel for Defendant requested Plaintiff's position on the matter, any additional matters that should be taken into consideration before filing, and offered to discuss it by telephone. Plaintiff's counsel responded solely that a supplement had been served on September 27, 2022, to which counsel for Defendants requested any further response to the issue of Plaintiff's failure to comply with the rules and deadlines. Plaintiff's only response was to hastily file Plaintiff's Motion for Leave to Add an Expert before Defendants could submit their Motion to Strike. At no time did Plaintiff's counsel advise or ask counsel for Defendants' of the intent to seek leave of court.

20.    The rules require good cause for an extension of time. At no time since July 1 and before the extended period for discovery, did Plaintiff seek to address any inability to disclose or any additional time needed to disclose an expert witness. Once again, Plaintiff's latest appearing counsel is attempting to re-litigate the entire case after the deadlines imposed by this Court. Defendants can only attribute this to her own failure to assess the case at the time she appeared and/or to her apparent disagreement with the decisions of her co-counsel and her predecessors.

21.    Defendants have timely engaged in discovery and defended in accordance with the rules and the schedule set by the parties and this Court. To subject them to the additional time and expense of late discovery which is not founded on good cause is unfair and prejudicial. Plaintiff failed on multiple counts to follow this Court's discovery guidelines, local rules, and this Court's order. His request for leave to add an expert should be denied and Defendants' request to strike Busken as an expert should be granted.

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Leave to Add an Expert Witness and to Reopen Discovery for a Limited Purpose [Doc.65] for which good cause has not been shown, and further requests the Court strike the report and any opinions and testimony which might be offered by Daniel Busken as a police practices expert.

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), undersigned counsel certifies she corresponded with Plaintiff's counsel via electronic mail multiple times as noted in paragraph 19 above and that, as is more particularly demonstrated by Plaintiff's filing of the Motion for Leave to Add an Expert and Defendants' response herein, no resolution has been reached by the parties.

8

## **Memorandum of Law**

Pursuant to Local Rule 3.01(a), Defendants offer the following memorandum of law:

Federal Rule of Civil Procedure 6(b) provides for an extension of time for good cause shown. The desire of an attorney to litigate the case in a manner differently than her co- and preceding counsel, without regard to the Rules of Procedure or the Court's order imposing deadlines is not good cause for an extension.

The Middle District follows the rule that the completion date for discovery, means that all discovery must be completed by the date in the discovery order. (Doc. 36); See Middle District Discovery (2021) at Section F. Plaintiff's attempt to make expert witness disclosures four months after the deadline ordered by this Court, and days after the extended deadline for discovery, are untimely and not supported by good cause and should be denied for this reason alone.

Plaintiff had ample opportunity to conduct meaningful discovery. To continue discovery at this stage will serve only to further prejudice Defendants and interrupt anew the orderly schedule previously entered by this Court.

Rule 26 (a)(2), provides that parties are required to disclose any person who may be used at trial to present evidence under Rules 702, 703 or 705 of

the Federal Rules of Evidence, and submit a written report, signed by the witness, detailing the expert's qualifications, opinions, and the facts or data considered by the expert is reaching his opinions. The Rule also requires that "[a] party must make these [expert] disclosures <u>at the times and in the sequence that the court orders</u>." Fed.R.Civ.P. 26(a)(2)(D). *See e.g. Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012) ("Rule 26 imposes a duty on parties to comply with the disclosure deadlines. It grants them no right to produce information in a belated fashion."). Plaintiff never sought any extension through opposing counsel or from the Court until now, four months after his deadline and after the expiration of the extended period for discovery granted by this Court. Plaintiff should not be allowed a unilateral four-month extension after the deadline for expert disclosure has passed. *See Thames v. City of Pensacola*, 2005 WL 1876175 at *3 (N.D. Fla. 2005) ("the magistrate judge assigned to handle discovery in this case entered an order admonishing plaintiff for unilaterally granting herself a three-months extension, without requesting relief or leave of the court.").

Rule 37(c) "provides a self-executing sanction for untimely expert reports." *Hewitt v. Liberty Mut. Group, Inc.,* 268 F.R.D. 681, 682 (M.D. Fla. 2010).

10

> The Rule 26 disclosure requirements are enforced by Rule 37(c), which provides, "If a party fails to provide information or identify a witness as required by Rule 26(a)..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

*Apopka Clear Lake investments, LLC v. Sema Construction, Inc.,* 2015 WL 12830495 *2 (M.D. Fla. 2015). S*ee also, Walter Intern. Productions, Inc. v. Salinas*, 650 F.3d 1402, 1409-13 (11th Cir. 2011) (excluding expert from testifying at trial pursuant to Rule 37(c) where plaintiff failed to comply with disclosure requirements of Rule 26(a)).

This Court has recognized that "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *United States v. ABBA Constr., Inc.,* 3:20-CV-440-BJD-MCR, 2021 WL 3286668, at *3 (M.D. Fla. June 22, 2021), *appeal dismissed sub nom. United States for use & benefit of E. Coast Metal Structures Corp. v. ABBA Constr., Inc.*, 21-12546-GG, 2021 WL 5045429 (11th Cir. Sept. 8, 2021) (*citing* Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) (citation omitted)). *See also Smith v. Jacobs Eng'g Group, Inc.*, 4:06CV496-WS/WCS, 2008 WL 4264718, at *5 (N.D. Fla. 2008) (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir.2004) (internal citation omitted) *overruled on other*

11

*grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457–58 (2006)). Thus, where a party fails to comply with Rule 26(a), Rule 37(c)(1) gives the district court clear "authority to exclude an expert's testimony . . . *unless the failure is substantially justified or is harmless." OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).

## I. <u>The failure to disclose was not substantially justified</u>

A plaintiff's untimely disclosure is not substantially justified if the plaintiff cannot demonstrate a reason for the untimely identification of the expert's name and did not move to extend the deadline so as to permit proper disclosure. *See Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008). "'Substantial justification' is "justification to a degree that could satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Group, Inc.,* 268 F.R.D. 681, 683 (M.D. Fla. 2010) (internal citations omitted). *See also Smith v. Jacobs Eng'g Group, Inc.*, 4:06CV496-WS, 2008 WL 4194521, at *12 (N.D. Fla. Sept. 8, 2008) (quoting *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 679 (D. Kan. 1995)).

> "The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is a genuine dispute concerning compliance."

*Hill v. Allianz Life Ins. Co. of N. Am.*, No. 614CV950ORL41KRS, 2016 WL 7228748, at *4 (M.D. Fla. Jan. 20, 2016) (quoting *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, No. 6:08–cv–2165–Orl–28GJK, 2011 WL 1135139, at *6 (M.D. Fla. Mar. 4, 2011) (quotation omitted), *adopted by* 2011 WL 1157993 (M.D. Fla. Mar. 28, 2011).

Pursuant to this Court's Order [Doc.36], any expert witness Plaintiff desired to use was required to be disclosed no later than July 1, 2022. There can be no "genuine dispute concerning compliance" that substantially justifies Plaintiff's untimely Rule 26 expert disclosure. Plaintiff cannot reasonably argue that his failure to comply with the deadlines of the Court and the rules of procedure or his failure to request an extension are justified. There can be no justification for the complete failure to provide an expert report within the discovery period.

Absent substantial justification, the disclosure should be stricken pursuant to Rule 37 if it was not harmless.

## II.  <u>Plaintiff's failure to disclose expert was prejudicial</u>

An untimely disclosure is prejudicial when it "would place a burden upon Defendant to recommence discovery and likely to refashion its summary judgment motion." *Williams v. Marinemax of Cent. Florida LLC*, 773 F. Supp. 2d 1265, 1267 (N.D. Fla. 2011). As with establishing a substantial justification

for the untimely disclosure, the burden of establishing that a failure to timely disclose was harmless rests on the tardy party. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). To prove harmlessness, the Plaintiff must "provide[] enough evidence to show that [the defendant] would not have hired additional experts but for their own disclosure deadline." *Brown v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-CV-517-RS-CJK, 2015 WL 1176180, at *2 (N.D. Fla. Mar. 9, 2015) (finding prejudice existed - and allowing Defendant leave to request recovery of expenses from Plaintiff's error - where Plaintiff's expert disclosure was untimely and Defendant claimed to be "prejudiced because it needed to hire a different, more specialized expert to respond to [plaintiff's] new [expert], and [defendant] could not do so by their own disclosure deadline.")

Plaintiff cannot plausibly argue that his failure to make the required expert disclosures was not harmful. Plaintiff's first mention of the expert was through correspondence at the end of September, nearly three months after his deadline had passed and approximately two months after the deadline for Defendants to have disclosed any expert.

Given specific requirements by the rules of procedure and the deadlines imposed by the Court in this case, Plaintiff's failure to comply and to timely request any extension for good cause should render Plaintiff unable to

14

introduce any expert testimony in this action. Plaintiff's belated offer to allow Defendants to depose the witness at this time does not cure the prejudice.

Plaintiff's untimely disclosure is further prejudicial to Defendants because it foreclosed their opportunity to fully vet the expert's qualifications, to share the opinions with their own experts, and/or to obtain an expert witness to rebut Plaintiff's expert's opinion. *See OFS Fitel*, 549 F.3d at 1362 (discussing striking of expert disclosure not submitted "sufficiently in advance of the close of discovery to furnish defendants an opportunity to depose that expert and obtain a rebuttal expert during the discovery period."); *United States v. Marder*, No. 1:13-CV-24503-KMM, 2016 WL 4764958, at *5 (S.D. Fla. 2016) (party was prejudiced when insufficient Rule 26 disclosure "deprived [the party] of the opportunity to determine whether rebuttal experts are necessary but also deprived [the party] of the opportunity to investigate the qualifications of the [other party's] experts and the bases for their opinions."); *Thames*, 2005 WL 1876175, at *6. (holding that plaintiff's untimely submission of [Plaintiff's expert's] modified opinion would cause the defendant prejudice, as the discovery deadline has well passed, and defendant has not had an opportunity to depose [the expert] concerning his new and material testimony.").

While deposing the witness at this time will allow Defendants a better idea of the opinions the expert will express at trial, it would do nothing to

remedy the other litigation activities for which the opinions of the opposing party's expert are critical. Defendants did not have the benefit of the timely disclosures at the agreed date in July, did not have the opinions to submit to their own experts or to evaluate whether additional or different expert witnesses were needed, did not have the benefit of the expert's opinions when preparing their summary judgment, and did not have the benefit of their opinions for purposes of evaluating the strengths and weaknesses of their defense, for communications with their clients, and for considerations of risk, trial, and settlement.

> A continuance is hardly an effective sanction in this instance since it places the more pronounced burden not on the guilty party but on the Court and the opposing party. Moreover, "[i]f continuances were granted as a matter of course for violations of Rule 26(e), the rule could always be disregarded with impunity."

*Williams,* 773 F. Supp. 2d at 1265.

## III.  <u>Conclusion</u>

Plaintiff did not disclose his expert witness in accordance with Federal Rule of Civil Procedure 26(a)(2) and there is no substantial justification for his failure to do so. Discovery has ended and Defendants' dispositive motion(s) are well under way. Mediation is set. The prejudice suffered by Defendants is substantial and cannot be cured at this stage of the litigation. The reports and

any testimony proffered by Plaintiff from expert witness Daniel Busken should be stricken and excluded from consideration by this Court or at trial.

Respectfully submitted this <u>8th</u> day of November 2022.

*/s/ Gwendolyn P. Adkins*



Gwendolyn P. Adkins
(FBN: 0949566)
gadkins@coppinsmonroe.com
bmiller@coppinsmonroe.com
adelk@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, FL 32308
Office: 850-422-2420   Fax: 850-422-2730

ATTORNEYS FOR DEFENDANTS
KENNETH EVERETT and
PATRICK WARWIN

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Gwendolyn P. Adkins*
Attorney

17