UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

   Plaintiff,

v.                                          CASE NO. 3:21-cv-00746-BJD-LLL

ST. JOHNS COUNTY SHERIFF'S
OFFICE, ET. AL.,

   Defendants.
_____/

**JOINT RESPONSE TO ORDER TO SHOW CAUSE and
MOTION FOR APPROVAL OF EXCEPTIONS
TO MEDIATION REQUIREMENTS**

In response to this Court's Order to Show Cause [Doc.67], counsel for the parties state:

Counsel for both parties are familiar with this Court's practices and the rules and procedures thereof and apologize to this Court for their oversight. No party has been prejudiced. However, counsel recognize the injury to the Court for the rules not having been followed. The failure to select a mediator certified by this Court was not intentional but merely a mistake. Counsel meant no disrespect to the Court. Upon the Court's notice of their error, counsel have acted expeditiously and in good faith to remedy the same.

This case was initially scheduled with a mediator approved by this Court. After it was canceled and a date rescheduled with another Supreme

Court certified mediator who had availability and was acceptable to all parties, counsel neglected to confirm that the mediator was indeed certified by this Court.

Since receiving this Court's Order, counsel have contacted David Brecher's office who was previously appointed by this Court [Doc.53], and he has availability on the morning of December 12. This date is after the November 30, 2022, deadline currently in place [Doc.36], and the parties respectfully request leave of court allowing them to complete the mediation outside of the currently imposed deadline.

In addition, the parties request an exception to the requirement that the mediation be conducted in person and leave of court to participate in the mediation via webconference for the convenience of the parties and to allow the maximum amount of time for participating in the mediation. All parties live and/or are employed in St. John's County. David Brecher is in Jacksonville, an approximate 45-minute drive away. Both the mediator and the parties have limited time on the day Mr. Brecher is available. Allowing the conference to be conducted via Zoom would maximize the amount of time the parties and mediator are able to dedicate to the resolution process on the 12th.

WHEREFORE, Plaintiff and Defendants respectfully request this Court allow the mediation to be conducted on December 12, 2022, outside of the

4889-9059-5123, v. 1

current deadline, and allow participation in the mediation process to occur via Zoom or other webconference.

    Respectfully submitted this 17th day of November 2022.

| | |
|---|---|
| */s/ Nichelle Lynn Womble* <br> Nichelle Lynn Womble <br> Joseph D. Lento <br> LENTO LAW GROUP, P.C. <br> FL State Bar No.: 1032744 <br> 11555 Heron Bay Blvd, Suite 231 <br> Coral Springs, FL 33076 <br> (T): (904) 602-9400 <br> (F): (904) 299-5400 <br> nlwomble@lentolawgroup.com <br><br> ATTORNEY FOR PLAINTIFF | */s/ Gwendolyn P. Adkins* <br> Gwendolyn P. Adkins <br> FBN:0949566 <br> COPPINS MONROE, P.A. <br> 1319 Thomaswood Drive <br> Tallahassee, Florida 32308 <br> Telephone: (850) 422-2420 <br> Facsimile: (850) 422-2730 <br> gadkins@coppinsmonroe.com <br> bmiller@coppinsmonroe.com <br> adelk@coppinsmonroe.com <br><br> ATTORNEY FOR DEFENDANTS KENNETH EVERETT and PATRICK WARWIN |