UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

     Plaintiff,

v.                             CASE NO. 3:21-cv-746-BJD-LLL

ST. JOHNS COUNTY SHERIFF'S
OFFICE, ET. AL.,

     Defendants.

_____/

## MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT DANIEL J. BUSKEN BY DEFENDANTS WARWIN AND EVERETT

Pursuant to Federal Rules of Evidence 403, 702, 703, 704, and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), Defendants Warwin and Everett file this Motion *in Limine* to exclude the report and any opinions and testimony of Plaintiff's proffered expert witness Daniel J. Busken[1]  and state:

_____

[1]Defendants Warwin and Everett have separately opposed Plaintiff's Motion for Leave to Add an Expert and Reopen Discovery [Doc.65] for Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2)B) and 37. [Doc.66].

1.      The opinions expressed by Plaintiff's police expert Daniel J. Busken in his Rule 26(a)(2) report are inadmissible because:

      a.      They do not meet the reliability standards of FRE 702 and *Daubert*;

      b.      They are improper because they concern legal implications, standards, and conclusion; and

      c.      They will not assist the trier of fact.

WHEREFORE, for the foregoing reasons, Defendants Warwin and Everett respectfully requests this Honorable Court grant the instant motion and exclude from this trial in its entirety the testimony of Mr. Busken.

## MEMORANDUM OF LAW

In accordance with Local Rule 3.01, Defendants Warwin and Everett submit the following Memorandum of Law in support of their motion.

### A. Legal standard for admissibility of expert testimony.

Federal Rule of Evidence 702, which governs testimony by expert witnesses, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FRE 702.

Under FRE 702 and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), district courts must act as "gate keepers" that admit expert testimony only if it is both reliable and relevant. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005).

District courts engage in a three-part inquiry to determine the admissibility of expert testimony, examining whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chemicals, Inc.,* 158 F.3d 548, 562 (11th Cir. 1998).

**B. Mr. Busken's opinions.**

Plaintiff has provided the expert report of Daniel J. Busken, who purports that his area of expertise is police standards, practices, and procedures. [Exhibit A, p.10]. His opinions are based on his experience. [Exhibit A, p.10]. Mr. Busken does not cite any data, literature, or specific professional standards in support of his opinions.

Mr. Busken's report states that police officers are normally trained in Fourth Amendment principles, including that "in order to enter a constitutionally protected area where a person has a reasonable expectation of privacy, such as Harrison's apartment, the officer needs consent, a recognized exception, or a warrant." [Exhibit A, p.12]. Mr. Busken's report then conducts a legal analysis under the Fourth Amendment of the entry of Deputies Warwin and Everett into Plaintiff's apartment. [Exhibit A, pp.12-13]. Mr. Busken's report states that, "Police officers are cautioned to avoid threshold arrests unless the

arrest is for a violent felony" but also states that Plaintiff was not in his threshold when deputies seized him. [Exhibit A, p.13].

As to the entry into Plaintiff's home, Mr. Busken concludes that:

> Based upon my training, education, experience, knowledge of generally accepted practices related to law enforcement procedures, my experience researching and reviewing police practices cases nationwide for many years, my review of the records in this specific case, as well as the Counseling/Disciplinary recorded in the file, it is my opinion that the forced entry into Harrison's apartment and the seizure of Harrison was not supported by legal justification, not justified according to training and not consistent with what I understand are generally accept police practices and/or what is generally understood by law enforcement to be constitutional

[Exhibit A, p.12, 18].

A large section of Mr. Busken's report then simply repeats statements from the internal investigation that followed Plaintiff's complaint about the incident. [Exhibit A, p.14].

Mr. Busken's report repeats Plaintiff's allegation that after his arrest, deputies placed him in a locked patrol car for an extended period. [Exhibit A, p.16]. He opines that the forceable entry into Harrison's apartment, use of handcuffs, and placing a handcuffed subject in a locked patrol car for an extended period are all factors

police officers learn through training can lead to a lawsuit for violating constitutional rights. [Exhibit A, p.16]. Mr. Busken then states that deputy Everett's report did not contain information justifying confining Plaintiff in a locked police car for an extended time period. [Exhibit A, p.17]. Mr. Busken's report concludes that:

> Based upon my training, education, experience, knowledge of generally accepted practices related to law enforcement procedures, my experience researching and reviewing police practices cases nationwide for many years, my review of the records in this specific case, as well as the Counseling/Disciplinary actions recorded in the file, it is my opinion that the treatment of Harrison, according to Harrison's account, following the forced entry into Harrison's apartment and the seizure of Harrison was below the standard of care, was not supported by legal justification, not justified according to training and not consistent with what I understand are generally accepted police standards and/or what is generally understood by law enforcement to be constitutional.

[Exhibit A, p.17, 18].

## C. Mr. Busken's testimony is inadmissible because it is not reliable.

If an expert witness relies solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and

how that experience is reliably applied to the facts. *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004). "In the context of police practices, an opinion may be based on experience, as long as the 'expert's role is 'limited to describing sound professional standards and identifying departures from them.'" *Adkins v. Roberts*, 5:18CV271-MCR/MJF, 2022 WL 1272403, at *4 (N.D. Fla. Mar. 31, 2022) (quoting *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013)). An expert may not simply list conclusory statement without any foundation. *Webb v. Carnival Corp.,* 321 F.R.D. 420, 429 (S.D. Fla. 2017).

The district court "must 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (quoting *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

As to the entry of Plaintiff's home, Mr. Busken does not identify any standard police practices or specific professional standards that

Defendants Warwin and Everett allegedly failed to follow. Mr. Busken states that police officers are cautioned to avoid "threshold arrests," but admits that Plaintiff was in his apartment, not the threshold, during this incident, so this standard has no application to the facts of this case. Mr. Busken fails to explain why his experience is a sufficient basis for his opinions, or how his experience is reliably applied to the facts of this case.

Mr. Busken also fails identify any standard police practices or specific professional standards that Defendants Warwin and Everett allegedly failed to follow regarding Plaintiff's treatment after the entry into his apartment. His opinion that entry into Plaintiff's apartment, "use of handcuffs, and placing a handcuffed suspect in a locked patrol car for an extended period are all factors police learn through training can lead to a lawsuit for violating constitutional rights" does not describe sound professional standards and identify departures from them. He fails to explain how his experience leads to the conclusion that placing Plaintiff in a patrol vehicle after his arrest was below the standard of care, was not supported by legal justification, was not

justified according to training, and was not consistent with generally accepted police standards and/or what is generally understood by law enforcement to be constitutional. His report fails to explain why his experience is a sufficient basis for the opinion, or how his experience is reliably applied to the facts of this case. Mr. Busken's opinions concerning the treatment of Plaintiff after his arrest are wholly conclusory.

Mr. Busken fails to show that he has employed the same level of intellectual rigor that characterizes the practice of an expert in the relevant field in reaching his conclusions. His opinions fail to show that the methodology by which he reached his conclusion is sufficiently reliable. Thus, his testimony does not meet the admissibility standard for expert testimony under FRE 702 and *Daubert*.

### D. Mr. Busken's opinions are impermissible legal conclusions.

It has long been established that expert testimony is inadmissible if it invades the exclusive province of the jury as factfinder or usurps the jury's role of applying the facts to the law. Accordingly, Federal Rule of Evidence 704(a) allows an expert to testify in the form of an opinion

as to ultimate issues of fact but precludes testimony on conclusions of law or statements as to applicable law. *See United States v. Long*, 300 Fed. Appx. 804, 814-815 (11th Cir. Fla. 2008) ("An expert witness may not testify as to his opinion regarding ultimate legal conclusions . . . . courts must remain vigilant against the admission of legal conclusions."); *Whitwam v. JetCard Plus, Inc.,* 14-CIV-22320, 2014 WL 12634853, at *1 (S.D. Fla. Oct. 30, 2014), judgment entered, 14-CIV-22320, 2014 WL 6433226 (S.D. Fla. Nov. 13, 2014) ("Nonetheless, to the extent the document contains inappropriate legal conclusions and arguments pertaining to fairness, those arguments will be disregarded.); *See Motyl v. Franklin Templeton Co., LLC,* 2014 WL 1413434, at *3 n.3 (S.D. Fla. Apr. 11, 2014) (noting that "[i]t is well settled that an expert 'may not testify as to his opinion regarding ultimate legal conclusions,' " and deciding not to consider an expert's affidavit despite declining to strike it) (quoting *United States v. Long,* 300 Fed.Appx. 804, 814 (11th Cir. 2008)).

The Advisory Committee comments to Rule 704 highlight the important distinction between legal conclusions and the underlying facts supporting those conclusions:

> Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

Comments to Fed. R. Evd. 704.

An expert's impermissible legal conclusions can be contrasted with proper testimony – such as customary practices and terminology of an industry – that might be helpful to the trier of fact. After striking portions of an expert statement that reached impermissible legal conclusions, the court in *McMahan Secs. Co. v. FB Foods, Inc.,* 2007 U.S. Dist. LEXIS 9128 (M.D. Fla. 2007) clarified:

> If [the expert's] opinion had focused on the customary practices of the [industry], there would be little question as

to whether it was helpful and admissible. However . . . [the expert's] opinion seems to proffer his interpretation of the agreement, [which is a matter of law to be determined by the court]. . . . As such, to the extent that [the] motion in limine is to preclude the opinion of [the expert] regarding construction of the agreement and the veracity of the alleged misrepresentations it is granted. However, in that [the expert's] testimony regarding customary practices and terminology of the securities industry might be helpful to the trier of fact, the Court declines to preclude [the expert] from testifying in totality.

It is equally impermissible for experts to offer their conclusions or understanding of the applicable law. As eloquently stated by the court in *Hygh v. Jacobs*:

> Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard--explicit or implicit--to the jury . . . . Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury . . . .
> The danger is that the jury may think that the "expert" in the particular branch of the law knows more than the judge-- surely an inadmissible inference in our system of law.

961 F.2d 359, 364 (2d Cir. N.Y. 1992) (holding the expert's opinions that an officer's conduct "was not justified under the circumstances" was not "warranted under the circumstances, and was "totally improper" should have been excluded); *Washington v. City of Waldo, Florida,* 1:15CV73-

12

MW/GRJ, 2016 WL 3545909, at *4 (N.D. Fla. Mar. 1, 2016) ("These aspects of Dr. Thomas's proposed testimony are nothing more than pure legal conclusions, which will not be permitted at trial.); *Owen v. Kerr-McGee Corp.,* 698 F.2d 236, 240 (5th Cir. 1983) (holding trial court correctly excluded expert opinion on the legal conclusion to be drawn from the evidence).

An expert's testimony may not invade the province of the judge as the jury's only source of law. *Montgomery v. Aetna Casualty & Surety Co.,.* 898 F.2d 1537, 1541 (11th Cir. 1990) (holding that "while an expert may testify as to his opinion on an ultimate issue of fact, a witness may not testify to the legal implications of conduct; the court must be the jury's only source of law."); *Cook v. Sheriff of Monroe County,* 402 F.3d 1092, 1112 (11th Cir. 2005) (holding that "testifying experts may not offer legal conclusions" and that "an expert witness may not substitute for the court in charging the jury regarding the applicable law").

### 1. Mr. Busken's opinions concerning the entry into Plaintiff's home contain impermissible legal conclusions.

Mr. Busken's opinion that the entry of Deputies Warwin and Everett into Plaintiff's apartment was unconstitutional and his legal

analysis of the entry are impermissible because they are testimony concerning legal implications, standards, and conclusions. The Court has the exclusive role to instruct the jury on the law concerning unreasonable entry into Plaintiff's home, and the Eleventh Circuit Pattern Instructions provide such an instruction. The Eleventh Circuit pattern instruction states:

> Under the Fourth Amendment to the United States Constitution, every person has the right [not to be arrested without probable cause] [not to be subjected to an unreasonable search of one's home or dwelling] [not to be subjected to an unreasonable investigatory stop].

Eleventh Circuit Pattern Jury Instructions, Civil Cases 5.3 (2022).

The pattern jury instruction further states that:

> **(First element for unlawful search claims):**
> [For the first element, [name of plaintiff] claims there was an unreasonable search of [his/her] home. The Constitution protects against unreasonable searches. The general rule is that a law enforcement official must get a search warrant from a judicial officer before conducting any search of a home. But there are certain exceptions to this general rule. One exception is [a search conducted by consent. If a person in lawful possession of a home freely and voluntarily invites or consents to a search, law enforcement officers may reasonably and lawfully conduct the search to the extent of the consent] [recognized in emergency situations in which a law enforcement officer may enter and make a safety inspection for the purpose of ensuring or protecting the

14

officer's and others' wellbeing. But the officer must have a reasonable and good faith belief that there is a serious threat to the officer's safety or the safety of someone else].]

Eleventh Circuit Pattern Jury Instructions, Civil Cases 5.3 (2022).

Thus, the Court will instruct the jury on the relevant legal considerations when determining whether Deputies Warwin and Everett violated the Fourth Amendment when they entered Plaintiff's home. The jury has the exclusive role of applying the jury instructions to the facts of this case and determining whether the deputies violated the Fourth Amendment. Mr. Busken's opinion that the conduct of the deputies was unconstitutional usurps the jury's role in applying the applicable law to the facts of this case and usurps the Court's role as the only source of the law.

At least one other court has limited Mr. Busken's testimony because his opinions would impermissibly usurp the role of the judge to instruct the jury on the applicable principles of law. *See Jones v. City of Albertville, Ala.,* CV-12-S-96-NE, 2014 WL 5473999, at *8 (N.D. Ala. Oct. 28, 2014) ("Here, Busken's opinions as to the reasonableness of Officer Maher's actions will not assist the trier of fact, because it is the

role of the judge, and not an expert witness, to instruct the jury on the applicable principles of law.").

This Court likewise should exclude Mr. Busken's opinions because they contain impermissible legal conclusions and concern legal implications and standards.

## 2. Mr. Busken's opinions concerning Plaintiff's treatment after his arrest contain impermissible legal conclusions.

Mr. Busken's opinions that nothing in Deputy Everett's report justified confining Plaintiff in a locked police car for an extended time period and that the treatment of Plaintiff after the entry into Plaintiff's apartment was not supported by legal justification or "what is generally understood by law enforcement to be constitutional" are also impermissible legal conclusions.

Similar to the pattern instruction for a claim under the Fourth Amendment, the Eleventh Circuit also provides a pattern jury instruction defining the elements Plaintiff must prove for his Fourteenth Amendment deliberate indifference claim. Plaintiff must prove that Plaintiff had a serious medical need that posed a risk of serious harm, that Deputies Warwin and Everett knew Plaintiff had the

serious medical need, that the deputies failed to get necessary medical care for Plaintiff's serious medical need in deliberate indifference to the risk of serious harm, and that the deputies' conduct cause Plaintiff injury. *See* Eleventh Circuit Pattern Jury Instructions, Civil Cases 5.8 (2022). The instruction also includes the relevant factors to consider for each element. *Id.*

Although Plaintiff's claim under the Fourteenth Amendment is unclear because he was not a pretrial detainee at the time of the incident, to the extent Plaintiff alleges excessive force, the Eleventh Circuit Pattern Instructions provide the elements and relevant factors for the jury to consider.

> [For the first element, [name of plaintiff] claims that [name of defendant] used excessive force on [him/her] while [he/she] was being held in custody as a pretrial detainee. But not every push or shove—even if it later seems unnecessary—is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations. Whether a specific use of force is excessive or unreasonable depends on factors such as the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force used; the severity of the security problem at issue; the

threat reasonably perceived by the officer; and whether the plaintiff was actively resisting

Eleventh Circuit Pattern Jury Instructions, Civil Cases 5.4 (2022).

Mr. Busken's conclusory opinions that Plaintiff's treatment after deputies entered his home was without legal justification and was not consistent with "what is generally understood by law enforcement to be constitutional" are impermissible legal conclusions. Thus, the Court should exclude Dr. Busken's testimony on these matters.

### E. Mr. Busken's testimony will not assist the trier of fact in understanding the evidence or determining a fact in issue.

Expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). Expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. *Id.*

### 1. Mr. Busken's testimony would not assist the jury.

For Plaintiff's Fourth Amendment violation claim against Deputies Warwin and Everett, the Court will instruct the jury on the relevant legal standards for determining whether the entry into

Plaintiff's home was lawful under the Fourth Amendment. Matters such as whether the deputies had a warrant, consent to enter, or an emergency situation that justified entry are not beyond the understanding of the average lay person. Thus, Mr. Busken's opinions would not help the jury understand the evidence or to determine a relevant fact in issue, but rather constitute nothing more than what lawyers for the parties can argue in closing arguments.

Likewise, the elements and evidence relevant to Plaintiff's deliberate indifference and/or excessive force claims under the Fourteenth Amendment are not beyond the understanding of the average lay person. Additionally, Mr. Busken's opinion do not address any of the relevant elements or evidence for these claims. He simply provides the conclusory statement that the treatment of Plaintiff after the entry into his home was below "the standard of care," "not supported by legal justification," "not justified according to training," and not consistent with generally accepted police standards or the general understanding by law enforcement officers of what is

constitutional. This opinion would not assist the jury in understanding the evidence or determining a relevant fact in issue.

### 2. Mr. Busken's testimony would confuse or mislead the jury.

Because of the powerful and potentially misleading effect of expert evidence, sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying FRE 403. *Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004). Exclusion under Rule 403 is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury. *Id.*

Courts have routinely held that police standard operating procedures are not the legal standard when determining whether a law enforcement officer's conduct was constitutional. *Lizarazo v. Greaves*, 1:16-CV-20558-UU, 2018 WL 8224943, at *3 (S.D. Fla. June 21, 2018) (quoting *U.S. v. Rodella*, 2014 WL 6634310 at *15 (N.D. N. Mex. 2014)). Accordingly, such expert testimony regarding standard policy procedures is not relevant and may actually confuse the jury as to what

standard they need to apply to reach a just verdict. *Id.*[2]; *L'Esperance v. Mings*, CIV-02-0258MCA/RLP, 2003 WL 25692557, at *4 (D.N.M. July 14, 2003) ("[A] party may not use evidence of standard operating procedures, training, or less intrusive alternatives in order to supplant the legal standard of objective reasonableness that has been defined by the Supreme Court and the Tenth Circuit and is reflected in the Court's jury instructions.").

Mr. Busken's conclusions that the entry into Plaintiff's home was not "justified according to training" or consistent with generally

---

[2] *See also U.S. v. Rodella*, 2014 WL 6634310 at *15 (N.D. N. Mex. 2014) (excluding expert testimony at trial regarding nationally accepted police standards, whether the defendant violated such standards, and whether defendant acted reasonably); *Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005) (affirming directed verdict for defendant on false arrest claim in part because "[e]ven if [the defendant officer] violated the [standard operating procedures], this violation would not create a violation of a clearly established constitutional right ex nihilo."); *Greenridge v. Ruffin*, 927 F.2d 789, 792 (4th Cir. 1991) (upholding the trial court's decision to exclude officer's failure to follow standard arrest procedures, because it was not relevant to whether the officer acted reasonably in using force); *Whren v. United States*, 5176 U.S. 806, 815 (1996) (rejecting the use of local police regulations as a standard for evaluating the constitutionality of police conduct, on the ground that such a "basis of invalidation would not apply in jurisdictions that had a different practice.").

accepted "police practices" or the understanding of law enforcement as constitutional misstate the legal standards that apply in this case in determining whether Deputies Warwin or Everett violated Plaintiff's rights under the Fourth Amendment.

Mr. Busken's opinions that the treatment of Plaintiff after deputies entered his home was "below the standard of care," "not justified according to training," or not consistent with generally accepted police standards or what law enforcement generally understand to be unconstitutional are irrelevant because those are not the applicable legal standards for Plaintiff's Fourteenth Amendment deliberate indifference and/or excessive force claims. The U.S. Constitution, as defined by the Supreme Court, Eleventh Circuit, and which is reflected in the Eleventh Circuit Pattern Jury Instructions, is the correct legal standard. Mr. Busken's opinions regarding industry standards are not only irrelevant, but they may confuse the jury as to what standard they must apply to reach a just verdict in this case.

Accordingly, Mr. Busken's testimony should be excluded. His opinions are not helpful to the jurors' understanding of the issues because the observations and conclusions to be offered are within the grasp of the average layman and do not require the application of any specialized knowledge or skill. Additionally, his opinions misstate the applicable legal standards for Plaintiff's claims, which will confuse the jury.

## CONCLUSION

For the foregoing reasons, Defendants Warwin and Everett respectfully request this Honorable Court grant their motion in *limine* and exclude from this trial in its entirety any of Mr. Busken's testimony.

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), the undersigned counsel certifies that she corresponded electronically with Plaintiff's counsel on November 16, 2022, outlining the basis for this motion, citing to specific Federal Rules of Evidence, providing caselaw to support Defendants' challenges to Plaintiff's proffered expert, and inviting further

information for consideration or discussion. Counsel for Defendants again corresponded with Plaintiff's counsel on November 18 prior to filing this motion and was advised that Plaintiff would simply respond once the motion was filed.

Respectfully submitted this <u>18th</u> day of November 2022.

*/s/ Gwendolyn P. Adkins*



Gwendolyn P. Adkins
(FBN: 0949566)
gadkins@coppinsmonroe.com
bmiller@coppinsmonroe.com
cmarchena@coppinsmonroe.com
COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, FL 32308
Office: 850-422-2420 | Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS
KENNETH EVERETT and PATRICK
WARWIN

24

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

_**/s/ Gwendolyn P. Adkins**_
Attorney