## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| BRYAN A. HARRISON | Case No.: 3:21-cv-746-BJD-JRK |
| Plaintiff, | |
| v. | |
| ST. JOHNS COUNTY SHERIFF'S OFFICE, ET. AL., | |
| Defendants. | |

## MOTION FOR LEAVE TO ADD AN EXPERT WITNESS AND TO REOPEN DISCOVERY FOR A LIMITED PURPOSE

Plaintiff Bryan Harrison   respectfully request leave to add an expert rebuttal witness and to reopen discovery for the limited purpose of preparing and exchanging an expert report and providing Defense Counsel an opportunity to depose the expert. The matters upon which the proposed expert will testify first arose as issues October 14, 2022, during the Defendants' Everett and Warwin production of documents as well as the Depositions of both Defendant's taken October 17, 2022, and transcripts received October 28, 2022, pursuant to your Honor's order to extend discovery to October 28, 2022. Defense was noticed via supplement on September 27, 2022, of the intention to use an expert witness. This motion is filed within 30 days of October 14, 2022.

1

## Memorandum of Law

Pursuant to rule 26 disclosures:

*Disclosure of Expert Testimony. In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the

disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

(E) *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e). *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises; (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

## I. Failure to Disclose

Pursuant to Federal Rules of Civil Procedure all disclosures must be made in a timely manner. Rule 26(e) *"permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at*

*the time of the initial report.* On September 27, 2022, pursuant to the order to extend discovery Defense was served with a supplement notifying them of the intent to use an expert witness. Plaintiff also provided the defense with a cv for the intended expert as well as the nature of their report and testimony. Prior to this Defense was also notified via phone of the intent to include an expert pending the information received during discovery. Plaintiff served the defense with Notice to produce on August 31, 2022, and received a response to that request on October 14, 2022. Depositions were also not scheduled until October 18, 2022, which did not leave much time for the expert to create the report. Plaintiff did not initially disclose the expert as the need for an expert did not present itself until later on in the case. It was not brought to Plaintiff's counsel's attention until the case had been taken over at the end of August pursuant to Attorney Nwankwo's death that there were not enough medical records available and that Plaintiff's treating physician would not be available to testify.

This case has transferred hands in our office multiple times due to circumstances out of our control which also slowed down production of the expert and other information as we were in the process of determining what had been completed and what had not been done without one party present due to his passing and the other abruptly leaving the firm prior to the set deadlines.

Defense in their response mentioned concern with the service of the report being after the October 28, 2022, set deadline. Defense was served with a request for production on August 31, 2022 and received the response October 14, 2022. In addition to the request for production not being received until October 14, 2022, depositions were not held until October 17, 2022 which meant that in order for a proper report to be done in line with the supplement notice that was served on the defense as to the issues the expert would testify to, transcripts for depositions would need to be returned before the close discovery. Depositions were not held until the 17th of October because of limited availability in dates that matched with both the defense and the plaintiff.   Transcripts were then returned on the 28th of October, the deadline for discovery, which did not all the expert time to review and make any necessary changes to his report in a timely manner. Both this motion and service of the necessary report were filed in good faith and as timely as possible.

While discovery has closed, the circumstances here justify reopening discovery for the limited purpose of allowing Plaintiff the opportunity to identify and present an expert on (1) the generally accepted standards for entry into a dwelling and lawful seizure; (2) generally accepted standards based on following policy and procedure as it relates to Florida statute 784.048 ; (3) standard of care , deprivation of rights, false imprisonment, and cruel and unusual punishment as it relates to the general standards of law enforcement.

## II. Extension of Time Would Not Be Prejudicial

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4), the Court may extend the time for Plaintiff's expert disclosure upon a finding of excusable neglect in failing to move before the deadline expired and good cause to grant the extension. When considering whether a party failed to act due to excusable neglect under Rule 6(b)(1)(B), the Court examines four factors: (1) potential prejudice to the non-moving party; (2) length of delay and potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. Blake v. Enhanced Recovery Co., LLC, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011).

There is ample time before the trial date for the parties to complete expert disclosures, finish discovery, and make any dispositive motions. Additionally, the delay was minimal and will not significantly impact the Court's schedule in this action. The reasons for the delay, Plaintiff's failure to properly calendar the expert deadline and belated determination that an expert is needed, was out of our control based on last minute notification of the unavailability of the Plaintiff's treating medical physician and medical records. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993) ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances

beyond the party's control.") (construing Federal Rule of Bankruptcy Procedure 9006(b)(1), which contains similar language to Federal Rule of Civil Procedure 6(b)).

Failure to grant a party the opportunity to present expert witness testimony on elements of proof necessary to defend its case is prejudicial. See U.S. v. Cavin, 39 F.3d 1299 1308 (5th Cir. 1994) (District Court abused its discretion in excluding expert evidence crucial to building the defense); S. v. Van Dyke 14 F.3d 415 422-23 (5th Cir. 1994) (District Court committed reversible error in excluding expert testimony that would clarify complex regulatory matters with closely intertwined legal and factual issues); S. v. Alexander, 816 F.2d 164, 169 (5th Cir. 1987) (reversing as clearly erroneous exclusion of expert testimony where entire case turned on subject of expert testimony.

## III. Conclusion

Plaintiff's delayed disclosure was due to counsel's inadvertence and a belated determination that an expert would be necessary. Further, the evidence at issue—Plaintiff's expert—is important to Plaintiff's case and there is minimal, if any, prejudice to Defendant in allowing the late report. Defense would not be prejudiced to the allowing for the reopening of discovery for this limited purpose as pursuant to the order extending discovery there will be another order extending

the final deadlines including trial which is already set for more than 90 days out currently.

Respectfully Submitted,

Dated: <u>November 28, 2022</u>

NICHELLE LYNN WOMBLE, ESQUIRE
LENTO LAW GROUP, P.C.
FL State Bar No.: 1032744
11555 Heron Bay Blvd, Suite 231
Coral Springs, FL 33076
(T): (904) 602-9400
(F): (904) 299-5400
nlwomble@lentolawgroup.com
*Counsel for Plaintiff*

**LOCAL RULE 3.01(g) CERTIFICATION**

**I HEARBY CERTIFY** that counsel attempted to confer with opposing counsel via electronic means and as evidenced by the reply in Opposition to this motion a resolution was not able to be reached.

***CERTIFICATE OF SERVICE***

**I HEREBY CERTIFY** that on November 28, 2022, a copy of the foregoing has been furnished by CM/ECF to all counsel of record.

> Gwendolyn Palmer Adkins
> Coppins Monroe Adkins & Dincman, P.A.
> gadkins@coppinsmonroe.com

ATTORNEY FOR DEFENDANTS
KENNETH EVERETT and PATRICK
WARWIN

.