UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN A. HARRISON,

    Plaintiff,

v.                                        Case No. 3:21-cv-746-BJD-LLL

KENNETH EVERETT, in his
personal capacity, PATRICK
WARWIN, in his personal capacity,
JOHN & JANE DOE SHERIFF'S
DEPUTIES (1-10), JOHN & JANE
DOE SUPERVISORY DEPUTIES
(1-10), and ST. JOHNS COUNTY,
FLORIDA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to Add an Expert Witness and to Reopen Discovery for a Limited Purpose (Doc. 71) and Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Expert Daniel J. Busken (Doc. 70).

On September 23, 2022, this Court granted Plaintiff's motion to extend time for discovery given changes in Plaintiff's counsel and an unexpected death in Plaintiff's legal team. (Doc. 62). Discovery was to be due on or before October 28, 2022. Id. at 5. On November 8, 2022, Plaintiff moved for leave to add an expert witness and to reopen discovery. (Doc. 65). This Court denied

Plaintiff's motion without prejudice, in part, for failing to comply with the deadlines imposed by this Court and with the Local Rules for the Middle District of Florida. (Doc. 69). In the Order, this Court allowed Plaintiff to refile the instant motion. See id.

Plaintiff moves to reopen discovery and to add an expert witness, which this Court assumes to be Daniel J. Busken. (See Docs. 66 at 3, 5, 6, 7, 8, 17; 70). The relevant Case Management and Scheduling Order was entered by this Court on February 8, 2022 and set Plaintiff's expert report disclosure deadline as July 1, 2022, with the opportunity to disclose rebuttal expert reports on or before August 15, 2022. (Doc. 36 at 1). On August 30, 2022, Plaintiff moved to extend time to complete discovery only, not to extend the expert disclosure deadline. (See Doc. 58). Accordingly, in the September 23rd order entered by this Court, the Court only extended the discovery deadlines as requested by Plaintiff. (Doc. 62).

By rule, a party's failure to disclose a witness, expert or otherwise, should generally preclude their testimony at trial or for use when the Court considers a dispositive motion. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) ("Fed. R. Civ. P. 37(c)(1) states that when 'a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless.'"). In practice, the courts are frequently reluctant to execute what can be a draconian sanction of exclusion of crucial witnesses when a party's failure to disclose is attributable to their innocent negligence and can be remedied by only a slight delay and with less severe sanctions. See, e.g., Witcher v. Garrison Prop. and Cas. Ins. Co., Case No. 3:16-cv-1139-J-39JBT Doc. 57 at 1 and 5 (M.D. Fla. April 5, 2018) (noting that through no fault of the litigants, the case suffered a "total breakdown in the discovery process at the hands of their respective counsel" but declining to outright exclude witnesses testimony in lieu of alternative sanctions).

District courts are granted wide latitude in determining whether to extend case management deadlines and fashion the means by which to effectuate those deadlines. See Rowell v. Metro. Life Ins. Co., 579 F. App'x 805, 807 (11th Cir. 2014); see also Wieckiewicz v. Educ. Credit Mgmt. Corp., 443 F. App'x 449, 450-51 (11th Cir. 2011) ("Inherent in a trial court's authority to enforce its orders . . . [is] the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal quotations omitted). As applied to this case, exclusion of Plaintiff's expert witnesses would potentially place Plaintiff out of court for the negligence of his attorney.

To be sure, Plaintiff's attorney's explanation is less than satisfactory. Even with instructions about the arguments this Court expected Plaintiff's

attorney to provide in the renewed motion, Plaintiff's new motion is an almost identical recitation of the previously denied motion. (<u>Compare</u> Doc. 65 <u>with</u> Doc. 71). However, the resulting injury to Plaintiff if the Court precluded Plaintiff from having additional time is too grave to justify after consideration of the circumstances. Instead, Plaintiff's attorney shall be personally responsible for the costs associated with Plaintiff's disclosure of witnesses beyond the discovery deadline.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Motion for Leave to Add an Expert Witness and to Reopen Discovery for a Limited Purpose (Doc. 71) is **GRANTED**.

   a. An amended Case Management and Scheduling Order will enter, setting these deadlines:

      i. Plaintiff shall disclose any and expert reports on or before **December 9, 2022**.

      ii. Discovery shall be completed on or before **January 31, 2023**.

      iii. The Court expects strict compliance with all pretrial deadlines, and all applicable rules. Failure to comply may result in sanctions, including the possibility of dismissal or default.

2. After this case resolves, Defendant may move to impose costs upon Plaintiff's attorney for expenses associated with Plaintiff's witness disclosures that occurred after the discovery deadline.[1]

3. Plaintiff is further cautioned that the Court expects strict adherence to both form and substance of the Federal Rules of Civil Procedure governing witness disclosures.

4. Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Expert Daniel J. Busken (Doc. 70) is **DENIED without prejudice** to being refiled in accordance with the forthcoming amended case management and scheduling order.

**DONE** and **ORDERED** in Jacksonville, Florida this 30th day of November, 2022.

BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record

---

[1] Specifically, Defendant may seek recoupment for costs associated with supplementing its own expert reports because of Plaintiff's untimely disclosures and for attorney time in conducting depositions of untimely disclosed witnesses. The amount Defendant can seek shall not exceed the amount that a comparable attorney in private practice could recover in similar circumstances.