UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BRYAN A. HARRISON<br><br>Plaintiff,<br><br>v.<br><br>DAVID B. SHOAR, in his official capacity as Sheriff of St. Johns County, Florida, ST. JOHNS COUNTY, FLORIDA, MATTHEW CLINE, in his official capacity as Undersheriff of St. Johns County, Florida, KENNETH EVERETT, in his personal and official capacities as a deputy of the St. Johns County Sheriff's Office, PATRICK WARWIN, in his personal and official capacities as a deputy of the St. Johns County Sheriff's Office, JOHN & JANE DOE SHERIFF'S DEPUTIES (1-10) and JOHN & JANE DOE SUPERVISORY DEPUTIES (1-10).<br><br>Defendants. | Case No.: 3:21-cv-746-BJD-LLL |

**PLAINTIFFS' RESPONSES TO DEFENDANT PATRICK WARWIN'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF**

**1. Describe in detail each act or omission on the part of Defendant Warwin with respect to the July 29, 2019, described in your Second Amended Complaint.**

Officer Warwin forcibly entered my apartment without a warrant or without probable cause that a crime had been committed.[1]

---

[1] Although there was no interrogatory asking who was answering them, unless otherwise specified, the Plaintiff, Bryan Harrison is answering the interrogatories.

Page **1** of **4**

Exhibit 11

**2. State all facts upon which you base your contention that Defendant Warwin knocked the video camera over on the counter on purpose to make any recording unusable as you allege in paragraph 32 of the Second Amended Complaint..**

I turned on and placed a portable 360-degree camera in a standing position on the kitchen island. After entering the apartment, Officer Warwin tipped the camera over so it was laying on its side.

**3. Describe in detail each act or omission on the part of Defendant Warwin that you contend constituted improper search and seizure in violation of the Fourth Amendment as alleged in Count II of the Second Amended Complaint.**

Officer Warwin assisted in forcibly opening the apartment door and entered the apartment without a warrant or probable cause. No exigent circumstances existed. While waiting in the police car, Officer Warwin walked back up the stairs to my apartment.

**4. Describe in detail each act or omission on the part of Defendant Warwin that you contend constituted cruel and unusual punishment in violation of the Fourteenth Amendment as alleged in Count III of the Second Amended Complaint.**

Officer Warwin did not object when I was placed in the non-running police car that was sitting in the sun with the windows rolled up by Officer Everett up on a very hot afternoon.

**5. Please describe in detail any knowledge on the part of Defendant Warwin that you had a serious medical need and that you were at risk of serious harm.**

Officer Warwin would know that being placed in a closed police car on a hot day could cause a variety of medical conditions needing attention if left in the car for more than a few minutes.

**6. Please describe in detail any conduct on the part of Defendant Warwin that disregarded any risk of serious harm to you, specifying any grounds to believe said conduct was deliberately indifferent to the risk of serious harm.**

After being placed in the closed, hot police car for some duration of time and calling and gesturing that I needed help, Officer Warwin did nothing to assist me.

(Additionally, *res ipsa loquitur*, as any reasonable officer in Warwin's position would have known that sitting in a hot car with no air conditioning in Florida in July presents a risk of serious harm. - RER[2])

**7. Describe in detail each act or omission on the part of Defendant Warwin that you contend constituted false arrest and imprisonment as alleged in Count VI of the Second Amended Complaint.**

Officer Warwin assisted Officer Everett in forcibly entering my apartment, being handcuffed and then taken outside and placed in the police car for an extended period of time.

**8. Please describe in detail any and all damages or injuries you contend to have suffered as a direct and proximate result of the alleged unlawful acts and omissions by Defendant Warwin. Your response to this interrogatory should include but not be limited to: economic damages, past and future pecuniary loss, lost wages, mental or emotional pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical treatment, and any other tangible and/or intangible damages you contend are continuing or permanent. To the extent that you have documents to support your answer to this Interrogatory, such as invoices or financial records, please identify the same.**

Officer Warwin's conduct contributed to my becoming more anxious to the point where I had a panic attack along with a highly elevated heart rate (EMT reported). This event has contributed to me to becoming severely depressed and anxious all of the time. I was seeing and I am still seeing Dr. Riaz Ahmad for treatment for these conditions.

---

[2] This second paragraph is an example of showing the undersigned's answering of questions, or as here, additional legal commentary.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 26, 2022, a copy of the foregoing has been furnished by email to all counsel of record.

Respectfully submitted,

DATED: <u>26 MAR 2022</u>

ROOK ELIZABETH RINGER, ESQ.
**LENTO LAW GROUP, P.A.**
222 San Marco Ave., Ste. "C"
St. Augustine, FL 32084
904.602.9400 x 467 (Office)
904.299.5400 (Fax)
reringer@lentolawgroup.com
*Attorney for Plaintiff*

Page **4** of **4**

Exhibit 11