UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BRYAN A. HARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>KENNETH EVERETT, in his personal capacity, PATRICK WARWIN, in his personal capacity, JOHN & JANE DOE SHERIFF'S DEPUTIES (1-10), JOHN & JANE DOES SUPERVISORY DEPUTIES (1-10), and ST. JOHNS COUNTY, FLORIDA,<br><br>    Defendants. | Hon. Brian J. Davis<br><br>Civil Action No.: 3:21-cv-00746-BJD-LLL |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Plaintiff's counsel, Joseph D. Lento, Esq. of the law firm Lento Law Group, P.C., hereby provide this response to the Court's Order to Show Cause of May 16, 2023, wherein the Court orders Plaintiff to show cause as to why the Court should not impose sanctions and revoke his admission to practice in the Middle District of Florida.

1.   As an initial matter, I must first apologize for the late submission of this response to the Court's Order to Show Cause, which was due yesterday, and, respectfully, I ask that the Court nonetheless consider this paper, for reasons to be explained herein.

2.   By way of background, this matter arises from numerous violations of Plaintiff's constitutional rights, incurred or about July 29, 2019, during the course of an unwarranted search of Plaintiff's home.

3. Plaintiff filed his original complaint in this matter on or about July 28, 2021, initiating this action.

4. This original complaint was drafted and filed by Plaintiff's then-counsel, Rook E. Ringer, Esq., who at the time, was a member of the Lento Law Group, P.C., my firm.

5. I myself was also named on Plaintiff's originally filed complaint, indicating that I would be moving for admission pro hac vice (i.e., special admission) into this matter, as I then did, on or about February 28, 2022.

6. From the start of this matter, it was the understanding as between Ms. Ringer and myself, that my involvement was limited strictly to that of trial counsel as is denoted in Plaintiff's originally filed complaint and its subsequent amendments.

7. This was the same understanding as between myself and Plaintiff's subsequent local counsel, for example, Ms. Nichelle Womble of my office, who assumed responsibility of this matter and entered her appearance on behalf of the Plaintiff following Ms. Ringer's resignation from my firm.

8. At all times, the day-to-day handling of this matter, including appearances, motion practice, and filings, for example, have been handled by my office's local Florida attorney, either Ms. Ringer or Ms. Womble, with the clear understanding that they would notify me of anything pertinent to the matter that I needed to be aware of.

9. It is for this reason that following my special admission into this matter, I had failed to submit a pro hac vice e-filing registration through PACER – to the extent that I was even made aware of this requirement arising under Local Rule 2.01 by Ms. Ringer or Ms. Womble, which at present I cannot recall with clarity, it was my understanding that either Ms. Ringer or Ms. Womble would be submitting my e-filing registration.

10. I subsequently took no measures to do so myself, because again, I was under the impression that it had been, or was being, handled by Ms. Ringer or Ms. Womble.

11. In connection with Ms. Womble's abrupt departure from my firm, it is my understanding that she moved to withdraw from this matter on or about May 2, 2023, and a hearing thereon was subsequently conducted on May 11, 2023.

12. As before, given that it was my understanding that local counsel was responsible for attending hearings and I had not been informed otherwise by Ms. Womble that my attendance was required, I did not attend said hearing.

13. I have spoken with Your Honor's chambers, and I am now aware of the status hearing scheduled for tomorrow, Thursday, May 25, 2023, at 2:00PM via Zoom, and I have every intention of attending.

14. Further, given that I am now aware that my e-filing registration was not previously submitted through PACER, I have done so today.

15. As such, I respectfully request leniency from the Court in that, throughout its lifespan thus far, this matter has endured the unexpected and sudden departure of both Florida attorneys admitted to practice in this district who were primarily responsible within my office for the prosecution of this case.

16. At no point during these transitions was Plaintiff prejudiced by their departure.

17. Further, in light of Ms. Womble's withdraw from this matter, and since her resignation from my firm, my office manager and I have been actively advertising for a Florida attorney with federal district admissions, fielding résumés, and interviewing candidates.

18. Thus far, we have been unable to locate a qualified individual to assume Ms. Womble's position as well as her role in all matters in which she was involved in, including this one; however,

this process actively continues and we do anticipate hiring a qualified attorney as soon as administratively possible.

19. Finally, if the Court is so inclined to permit my office time to locate and hire an attorney to act as the new local counsel in this matter, upon their appearance, if the Court insists, I will withdraw my appearance, if necessary, and allow the local attorney to handle this matter solely, eliminating the potential for confusion or miscommunication as between he or her and myself.

20. In sum, revocation of my privilege – and I do understand that it is a privilege – to practice in the Middle District of Florida, I believe, is a disproportionate penalty under the circumstances, and I have already taken steps to ensure compliance with Local Rule 2.01 by submitting my e-filing registration today, which has been approved, and I can now successfully eFile.

WHEREFORE, given the foregoing, good cause exists as to why the Court should not impose sanctions and remove my admission to practice in the Middle District of Florida.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Date: May 24, 2023   By:   *Joseph D. Lento*
JOSEPH D. LENTO, ESQ.
LENTO LAW GROUP, P.C.
1650 Market Street, Suite 3600
Philadelphia, PA, 19103
(T) (267) 833-0200
(F) (267) 833-0300
jdlento@lentolawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that on May 24, 2023, I caused to be served the foregoing Response upon the Court and all parties herein by filing copies of same using the United States District Court for the Middle District of Florida's CM/ECF filing system.:

|  |  |
|---|---|
|  | **LENTO LAW GROUP, P.C.** |
| Date: <u>May 24, 2023</u>      By: | *Joseph D. Lento* |
|  | JOSEPH D. LENTO, ESQ. |
|  | LENTO LAW GROUP, P.C. |
|  | 1650 Market Street, Suite 3600 |
|  | Philadelphia, PA, 19103 |
|  | (T) (267) 833-0200 |
|  | (F) (267) 833-0300 |
|  | jdlento@lentolawgroup.com |
|  | *Attorney for Plaintiff* |